586 So.2d 652 (1991)
STATE of Louisiana
v.
Andrew PAYNE.
No. 91-KA-178.
Court of Appeal of Louisiana, Fifth Circuit.
September 18, 1991.
Dorothy A. Pendergast, Terry M. Boudreaux, Asst. Dist. Attys., Gretna, for plaintiff/appellee.
Ginger Berrigan, Staff Appellate Counsel, Indigent Defender Bd., Gretna, for defendant/appellant.
*653 Before WICKER and GOTHARD, JJ., and FINK, J. Pro Tem.
GOTHARD, Judge.
The defendant, Andrew Payne, was convicted by a jury of LSA-R.S. 14:62, simple burglary, on September 12, 1990. On December 12, 1990 he was sentenced as a multiple offender under LSA-R.S. 15:529.1 to twelve years at hard labor with credit for time served. The defendant seeks a new sentencing hearing on three grounds: the absence of a written bill of information; the state's failure to convene a sanity commission to determine his competency to proceed; and, in the multiple offender adjudication, its failure to prove his identity as the person convicted of the prior felony upon which the adjudication was based.
Assignments of error numbers one and two:
The defendant is entitled to a new trial because the record fails to reflect that a written bill of information ever existed.
The defendant is entitled to a new trial because the absence of a written bill of information in the record precludes judicial review of its validity and denies defendant his absolute right of appeal.
An information is defined in La. C.Cr.P. art. 384 as follows:
An information is a written accusation of crime made by the district attorney or the city prosecutor and signed by him. It must be filed in open court in a court having jurisdiction to try the offense, or in the office of the clerk thereof.
Where there is no written accusation of a crime, there can be no valid arraignment, trial, or conviction, even though no objection was lodged. State v. Buttner, 411 So.2d 35 (La.1982).
A written bill of information was missing from the appellate record in the case before us and could not be found in the district court clerk's office. The state has since supplemented the record with a copy of the bill of information from its own file, duly signed by Robert Long, assistant district attorney, and charging Payne and two other defendants with violating R.S. 14:62, simple burglary, on December 12, 1988. Defendant's counsel filed a motion to sever him from the co-defendant with whom he was to be tried, which motion was granted on August 28, 1990. Trial began on September 11, 1990. Before the jury was empaneled, the district attorney stated for the record that defendant's counsel would "waive the effects of severance," that is, the requirement of La.C.Cr.P. art. 705 that, "When the court has ordered severance of an indictment, the district attorney shall file separate indictments." After the jury was sworn, the court then had the clerk read the original bill of information into the record. (R.269-670)
Contrary to the defendant's allegation that no bill of information had ever been filed, we find that one was filed, so that the defendant was properly notified of the charges against him and was able to present a defense. State v. Grey, 522 So.2d 1216 (La.App. 4th Cir.1988). Accordingly, we find no merit in the first two assignments of error.
Assignment of error number three:
The sentence must be vacated because reasonable grounds existed to convene a sanity commission at the time of sentencing.
Payne was first brought to trial on September 11, 1989. After the jury was selected defense counsel moved for the appointment of a sanity commission, as the defendant was exhibiting bizarre behavior. On September 13, 1989, after hearing testimony of the psychiatrists, the court concluded that Payne was legally insane and unable to assist in his own defense. The judge committed him to East Louisiana State Hospital for treatment and evaluation and declared a mistrial. After a second sanity hearing on April 5, 1990, the court found the defendant to be sane and mentally competent to stand trial and assist in his own defense. A jury trial was held on September 10, 11 and 12, 1990, resulting in Payne's conviction of simple burglary, LSA-R.S. 14:62.
Counsel for the appellant alleges that the defendant was incompetent during the sentencing *654 hearing, which took place on December 12, 1990.
In State v. Bickham, 404 So.2d 929, 934 (La.1981), the Louisiana Supreme Court stated:
Mental incapacity to proceed exists when, as a result of mental disease or defect, a defendant lacks the capacity to understand the proceedings against him or to assist in his defense. C.Cr.P. Art. 641. The defendant bears the burden of establishing that he lacks the capacity to understand the object, nature and consequences of the proceedings against him and that he is unable, in a rational as well as factual manner, to consult with counsel in a meaningful way. State v. Hamilton, 373 So.2d 179 (La.1979).
The issue of present insanity or mental incapacity to proceed may be raised at any stage of the proceedings, even after conviction, as a reason why sentence should not be passed. State v. Clark, 367 So.2d 311 (La.1979); see also State v. Franks, 391 So.2d 1133 (La.1980), cert. den., Franks v. Louisiana, 450 U.S. 983, 101 S.Ct. 1520, 67 L.Ed.2d 818 (1981). The court must order a mental examination when there are reasonable grounds to doubt defendant's mental capacity to proceed. LSA-C.Cr.P. art. 642. The trial judge's determination is entitled to great weight on appeal and will not be set aside absent a clear abuse of discretion. State v. Bickham, supra.
The same judge presided over Payne's first and second trials as well as the sentencing. He was fully aware of Payne's previous condition and the behavior which occasioned his appointing the original sanity commission. The transcript reveals that the defendant responded appropriately to questioning until the matter of his previous convictions was broached. At that point he became evasive, replying to each question that he did not remember. Defendant's counsel did not refer to competency until the judge asked her whether she had reviewed the PSI report with her client and whether he understood. She then said:
Your Honor, Mr. Payne in my attempts to explain to him the procedures has looked away, like he's doing now, he's looking to see who is coming in. He's looking at me now. But I'm reallyIn an abundance of caution I'm going to flat out sayI mean even though the doctors say what they said, I have had considerable difficulty in getting through to Mr. Payne and make him understand what is going on and to get him to even look at the exhibits that the District Attorney gave me to show him. And just to plain old, to cover my rear, I don't think he understands what is going on.
Defense counsel did not move either orally or in writing for a sanity hearing. As the court pointed out in State v. Bickham, supra, there is a presumption of capacity to proceed. In order to overcome the presumption counsel must present evidence, which was not done in this case. The trial judge apparently observed nothing to suggest that the defendant's condition had deteriorated during the three months between the trial and the sentencing hearing. Our review of the record has not disclosed an abuse of discretion by the trial court in this instance.
Assignment of error number four:
The multiple offender adjudication is void because the state (a) failed to establish that the defendant was the person previously convicted and (b) failed to establish linkage between the fingerprints alleged to be those of the defendant and the defendant in the prior conviction.
On November 7, 1990, the state filed a bill of information seeking to have defendant adjudicated a second felony offender pursuant to LSA-R.S. 15:529.1 and sentenced accordingly. In the multiple offender bill, the state alleged that defendant is the same person who pled guilty to simple burglary, LSA-R.S. 14:62, on March 17, 1986, in case number 85-1384 in the 24th Judicial District Court.
In State v. Brown, 514 So.2d 99, 106 (La.1987), cert. den., Brown v. Louisiana, 486 U.S. 1017, 108 S.Ct. 1754, 100 L.Ed.2d 216 (1988), reh'g den., 487 U.S. 1228, 108 S.Ct. 2888, 101 L.Ed.2d 923 (1988), our Supreme *655 Court set out the level of proof necessary to prove multiple offender status, as follows:
We have considered the issue of the level of proof necessary to establish prior convictions in cases arising under this state's multiple offender law, La.Rev. Stat.Ann. § 15:529.1 (West 1981 & Supp. 1987). When a defendant is prosecuted under that statute, proof that the accused was convicted of a prior offense is necessary to establish an essential element of the crime charged. In that context, we have held that the fact that the defendant and the person described in the records evidencing the prior convictions have the same name is, standing alone, insufficient to prove that the defendant was the same person who was convicted of the previous crimes. City of Monroe v. French, 345 So.2d 23 (La. 1977); State v. Curtis, 319 So.2d 434 (La.1975). While it is permissible for the state to introduce certified copies of court records evidencing prior convictions, we have determined that § 15:529.1 requires independant proof that the defendant was the same person identified in the records. The state may establish proof of identity in various ways, such as the testimony of witnesses to the prior crimes, expert testimony matching the fingerprints of the accused with those in the record of the prior proceeding, or photographs contained in a duly authenticated record. State v. Curtis, 338 So.2d 662, 664 (La. 1976).
The multiple offender bill of information, filed November 7, 1990, declares that:
... Andrew Payne was duly charged in case number 85-1384 of the docket of Division "N" of the Twenty Fourth Judicial District Court of the State of Louisiana, in and for the Parish of Jefferson, with the crime of violating Louisiana Revised Statute 14:62 Simple Burglary, a felony under the law of Louisiana; that afterwards the said Andrew Payne pleaded guilty as charged on the 17th day of March, 1986 to a violation of Louisiana Revised Statute 14:62 Simple Burglary, and was sentenced by the Court, on the 17th day of March, 1986 to serve three (3) years at hard labor in the custody of the Director of the Department of Corrections, said sentence was suspended and the defendant was placed on active probation for a term of five (5) years, with a special condition that he serve one (1) year in Parish Prison.
The bill of information states further that the same Andrew Payne was found guilty of La.R.S. 14:62, simple burglary, on September 12, 1990 in case number 89-434, Division "I", 24th Judicial District Court, Jefferson Parish, and should be sentenced in accordance with La.R.S. 15:529.1.
At the December 12, 1990 hearing, the state introduced the entire record of case number 85-1384, the case in which one Andrew Payne was convicted of simple burglary, which occurred on May 2, 1985, the predicate offense relied upon by the state. The transcript of the boykinization, dated March 17, 1986, indicates that the defendant withdrew his former plea of not guilty and tendered a plea of guilty of simple burglary. The transcript confirms the court's advising the defendant of his constitutional rights before accepting his guilty plea.
We conclude that, although the state adequately proved the defendant's prior felony conviction for the May 2, 1985 burglary in case number 85-1384, the state did not positively establish that the Andrew Payne in the case before us is the same person as the Andrew Payne convicted in number 85-1384, the predicate case. The proof submitted at sentencing was the testimony of Merril Boling, the state's fingerprint analysis expert. He testified that the fingerprints he took of Andrew Payne in Court on November 21, 1990 matched two sets of prints of "Andrew Payne" from the Louisiana State Police arrest registry. The problem is that those prints were from arrests on April 3, 1985 and January 20, 1987. Boling produced no prints taken in connection with case number 85-1384; consequently, they are of no value whatever in proving that the same person was convicted of a felony in the present case and in the one cited in the multiple offender bill of information.
*656 For the reasons discussed above, we vacate the sentence and remand for resentencing. As double jeopardy does not apply to the retrial of the penalty enhancement statute, Payne may be retried on the multiple bill. State v. Johnson, 432 So.2d 815 (La.1983); State v. McIntyre, 496 So.2d 1204 (La.App. 5th Cir.1986).
Error patent review:
It appears that some errors patent exist, but they are all related to the habitual offender proceeding and sentencing and do not appear to constitute reversible error. In as much as we are vacating the sentence and remanding, we decline to enumerate them here.
SENTENCE VACATED, REMANDED FOR RE-SENTENCING.