665 So.2d 588 (1995)
STATE of Louisiana
v.
Wesley A. OCKMAND.
No. 95-KA-413.
Court of Appeal of Louisiana, Fifth Circuit.
November 28, 1995.
John M. Mamoulides, District Attorney and Terry M. Boudreaux, Assistant District Attorney, 24th Judicial District, Parish of Jefferson, Gretna, for Plaintiff-Appellee.
Bruce G. Whittaker, Staff Appellate Counsel, 24th Judicial District, Indigent Defender Board, Gretna, for Defendant-Appellant.
Before GAUDIN, KLIEBERT, and WICKER, JJ.
KLIEBERT, Judge.
Defendant, Wesley A. Ockmand, was charged by indictment with second degree murder, in violation of LSA-R.S. 14:30.1. After pleading not guilty at his arraignment, the defendant subsequently withdrew his not guilty plea and entered a plea of guilty to manslaughter, in violation of LSA-R.S. 14:31. After the defendant was Boykinized, the trial court accepted the defendant's guilty plea and ordered a pre-sentence investigative report.
On December 8, 1994, the trial court sentenced the defendant to serve 35 years at hard labor, with credit for time served.
*589 On December 19, 1994, the defendant filed a motion to reconsider the sentence and the trial court denied this motion on January 5, 1995. On March 27, 1995, a written motion for appeal was filed. On appeal, the assignments of error urged by the defendant are: (1) the trial court imposed an excessive sentence, and (2) any and all errors patent on the face of the record.
Article 914 of the Louisiana Code of Criminal Procedure provides:
A. A motion for an appeal may be made orally in open court or by filing a written motion with the clerk. The motion shall be entered in the minutes of the court.
B. The motion for an appeal must be made no later than:
(1) Five days after the rendition of the judgment or ruling from which the appeal is taken.
(2) Five days from the ruling on a motion to reconsider sentence filed pursuant to Article 881.1, should such a motion be filed.
This appeal is untimely. Upon expiration of the time limitations for seeking an appeal, the conviction and the sentence imposed become final and are no longer subject to review under ordinary appellate process unless the defendant obtains reinstatement of his right to appeal. State v. Counterman, 475 So.2d 336 (La.1985); State v. Edwards, 590 So.2d 795 (La.App. 5th Cir.1991). An application for post conviction relief under LSA-C.Cr.P. arts. 924-930.8 is the appropriate procedural vehicle to seek the exercise of appeal rights after the legal delays have expired. State v. Counterman, supra.
Because the motion for appeal in this case was untimely, defendant's sentence is not subject to review by ordinary appellate process without defendant first obtaining reinstatement of his right to appeal by application for post conviction relief to the district court. Nothing in the record establishes that defendant obtained reinstatement of his appeal right as per State v. Counterman, supra.
Accordingly, this appeal is dismissed and the case is remanded to allow defendant an opportunity to seek reinstatement of his right to appeal through an application for post conviction relief to the district court.
DISMISSED AND REMANDED.