708 So.2d 1242 (1998)
STATE of Louisiana
v.
Kerry ORGERON.
No. 97-KA-1054.
Court of Appeal of Louisiana, Fifth Circuit.
March 11, 1998.
*1243 Paul D. Connick, Jr., District Attorney, Terry Boudreaux, Thomas J. Butler, Assistant District Attorneys, Gretna, for Plaintiff/Appellee.
Margaret S. Sollars, Louisiana Appellate Project, Thibodaux, for Defendant/Appellant.
Before GAUDIN, DUFRESNE and GOTHARD, JJ.
GOTHARD, Judge.
On November 20, 1995, the Jefferson Parish District Attorney filed a bill of information charging defendant, Kerry Orgeron, with three counts of purse snatching in violation of LSA-R.S. 14:65.1. After a jury found him guilty as charged on June 26, 1996, he was sentenced to serve twenty years imprisonment at hard labor for each count to run consecutively. Subsequent to the sentencing, the State filed a habitual offender bill of information alleging that the defendant was a fourth felony offender. The trial court conducted a hearing on the bill of information on October 25, 1996, and took the matter under advisement. On November 18, 1996, the trial court adjudicated Orgeron a fourth felony offender and sentenced him to a term of life imprisonment without benefit of parole, probation, or suspension of sentence. Defense counsel made an oral motion to reconsider the sentence. Shortly afterward it was brought to the attention of the court that the original sentence was not vacated before the sentence on the habitual offender adjudication was imposed. Consequently, on December 9, 1996, the court vacated the previous sentence and resentenced the defendant to serve life in prison. At that time, defense counsel made an oral motion to reconsider the sentence which was denied by the court. A written motion for appeal was filed on August 29, 1997.
We note ex proprio motu that the appeal is untimely. LSA-C.Cr.P. art. 914 provides:
A. A motion for an appeal may be made orally in open court or by filing a written motion with the clerk. The motions shall be entered in the minutes of the court.
B. The motion for an appeal must be made no later than:
(1) Five days after the rendition of the judgment or ruling from which the appeal is taken.
(2) Five days from the ruling on the motion to reconsider sentence filed pursuant to Article 881.1, should such a motion be filed.
In the instant case, the oral motion for reconsideration of sentence was denied on December 9, 1996, and the written motion for appeal was filed on August 29, 1997. Clearly the appeal motion was filed well beyond the five days allowed by the Code of Criminal Procedure. Although the minute entry of the December 9, 1996 sentencing indicates that defense counsel made an oral motion for appeal, the transcript shows that no such motion was made. Where there is a discrepancy between the transcript and the minute entry it is the transcript which prevails. State v. Lynch, 441 So.2d 732 (La.1983); State v. Haynes, 96-84 (La.App. 5 Cir. 6/25/96), 676 So.2d 1120.
Because this appeal is untimely, defendant's conviction and sentence are not subject to review by ordinary appellate process. The defendant must first obtain reinstatement of his right to appeal by application for post conviction relief to the district court. State v. Ockmand, 95-413 (La.App. 5 Cir 11/28/95), 665 So.2d 588. As we explained in Ockmand, 665 So.2d at 589:
Upon expiration of the time limitations for seeking an appeal, the conviction and the sentence imposed become final and are no longer subject to review under ordinary appellate process unless the defendant obtains reinstatement of his right to appeal. State v. Counterman, 475 So.2d 336 (La. 1985); State v. Edwards, 590 So.2d 795 (La.App. 5th Cir.1991). An application for post conviction relief under LSA-C.Cr.P. arts. 924-930.8 is the appropriate procedural vehicle to seek the exercise of appeal *1244 rights after the legal delays have expired. State v. Counterman, supra.

We find nothing in the record which establishes that Orgeron obtained reinstatement of his appeal right.
For the foregoing reasons, the appeal is dismissed and the matter is remanded to allow defendant an opportunity to seek reinstatement of his right to appeal through an application for post conviction relief to the district court.
DISMISSED AND REMANDED.