722 So.2d 1086 (1998)
STATE of Louisiana
v.
Roscoe MEDIOUS.
No. 98-KA-419
Court of Appeal of Louisiana, Fifth Circuit.
November 25, 1998.
*1088 Paul D. Connick, Jr., District Attorney, Terry Boudreaux, Rebecca J. Becker, John B. Appel, Jr., Ken Dohre, James F. Scott, III, Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellee.
Martin E. Regan, Jr., New Orleans, Louisiana, for Defendant/Appellant.
Panel composed of Judges CHARLES GRISBAUM, Jr., SOL GOTHARD and THOMAS F. DALEY.
GOTHARD, Judge.
The defendant, Roscoe Medious, was convicted of possession of greater than 28 grams but less than 200 grams of cocaine, in violation of R.S. 40:967(F) and the trial court sentenced him to fifteen (15) years imprisonment at hard labor. Pursuant to a multiple bill, the defendant was adjudicated a second felony offender. The trial court vacated the original sentence of fifteen years and imposed an enhanced sentence of thirty years imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence. This appeal followed.

FACTS
On June 19, 1997, Detective Janell Godfrey, a narcotics detective with the Kenner Police Department, received some information which indicated that the defendant might have some narcotics in his possession. Detective Godfrey spoke to the defendant at the Kenner Police station, and after she advised the defendant of his rights, he signed a waiver of rights form. Detective Godfrey told the defendant that she received information that he might have some illegal narcotics in his home. According to her testimony, the defendant told her that he "may have a little bit of something in his house, but that may have been for his girlfriend, just a little personal stash or usage in the house that may belong to her, and he wasn't even sure if there was narcotics in the house."
Thereafter, the defendant agreed to allow the police to search his home, and signed a consent to search form. The defendant gave the police officers his home address, which the officers wrote down on the consent to search form. The defendant accompanied the officers to his home, which was located at 4520 Williams Boulevard, Apartment X-273. *1089 The defendant's daughter answered the door, so the defendant asked the police to accompany him to the bedroom because he did not want to scare his daughter.
Upon entering the bedroom, the defendant shut the door and the police officers began to search the bedroom. A locked briefcase was found in a closet. The defendant provided the briefcase's combination to the officers. Inside the briefcase, the officers found both powder and rock cocaine. (At trial the powder was introduced as State's Exhibit one. The rock cocaine was introduced as State's Exhibit two.) The police also found a kitchen plate that had cocaine residue on it, as well as a razor blade, marijuana, and pills that were not prescribed to the defendant, in the defendant's bedroom.
At trial, Officer Godfrey testified that when the briefcase was opened, the defendant got on his knees and volunteered the following statements: "... Y'all got me. I'm a Mason. I want to do the right thing. I'm going to tell the truth. That's my cocaine.... Masons do the right thing." Officer Godfrey stated that the defendant made these statements before she tested the substance to determine whether it was cocaine.
Detective James Whitehurst, employed as a narcotics detective with the City of Kenner, also testified for the state. His testimony corroborated Officer Godfrey's testimony.
Mr. Edgar Dunn, employed with the Jefferson Parish Sheriff's Office and an expert in the classification of controlled dangerous substances, analyzed the substances seized from the defendant. He testified at trial that State Exhibit number 1 was powder cocaine weighing thirty-two and three tenths (32.3) grams, and State Exhibit number 2 was crack cocaine weighing seven and five tenths (7.5) grams.
The defense presented no evidence at trial.

ANALYSIS
In his first allegation of error, the defendant complains that the prosecutor committed reversible error when he commented on the defendant's failure to testify at trial. Specifically, the defendant argues that the following comment improperly focused the jury's attention on the defendant's failure to testify at trial:
I'm not going to keep you that much longer, because there's really not that much to argue about. The case has been uncontradicted....

The record reflects that the defense did not make a contemporaneous objection to the prosecutor's remarks at trial, and therefore he is precluded from raising this issue on appeal. La.C.Cr.P. art. 841[1]; State v. Mills, 95-359, p. 8 (La.App. 5 Cir. 11/15/95), 665 So.2d 489, 494, writ denied, 95-3009 (La.4/19/96), 671 So.2d 924, cert. denied, ___ U.S. ___, 117 S.Ct. 213, 136 L.Ed.2d 147 (1996).
In his second allegation of error, defendant complains that the trial court violated the express provisions of LSA-C.Cr.P. art. 831(4)[2] in determining, out of the presence *1090 of the defendant and his attorney, that the jury, which had already retired to deliberate, could view State Exhibit nos. 4 and 5, the advice of rights form and the consent to search form signed by the defendant. It is noted by this court that the record reflects that both the defendant and his trial attorney were present during all rulings concerning the admissibility of the state's evidence. In fact, the defendant's trial attorney verbally stated that the defense had no objections with regards to the admission of any of the state's eight exhibits into evidence.
In State v. Overton, 337 So.2d 1058, 1066 (La.1976) on rehearing, the Supreme Court discussed whether LSA-C.Cr.P. art. 831 required the presence of a defendant and his attorney when a trial judge ruled on whether a deliberating jury would be allowed to view two photographs that the state had entered into evidence, and stated as follows:
... If the trial judge in Louisiana communicates with the jury, he should do so in open court. The defendant and his attorney should be present. Even when the request is [a] simple request to review documents in evidence, that request should not be granted in the absence of defendant and counsel.
However, the court went on to explain that because there was no violation of a specific statute, nor of a constitutional right, the appropriate inquiry was whether the defendant had suffered any prejudice. Id.
In the present case, the defendant has not complained of nor does he show that he was prejudiced due to the fact that the trial judge made a ruling in the absence of the defendant and his attorney regarding the jury's request to view two state exhibits. Accordingly, we find no reversible error in the trial court's determination.
In his third allegation of error, defendant alleges insufficient evidence to support his conviction for possession of over 28 grams but less than 200 grams of cocaine.[3] Specifically, the defendant argues that the state failed to prove that the drugs were subject to his dominion and control, as he was incarcerated at the time of the offense. He argues further that the plate and razor blade that were also found support a conclusion that a third party placed the cocaine in his briefcase and that, therefore, the state failed to exclude every reasonable hypothesis of innocence.
When assessing the sufficiency of the evidence, the reviewing court must determine whether, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Rosiere, 488 So.2d 965 (La. 1986).
One does not need to be in actual possession of a controlled dangerous substance to support a conviction; constructive possession is sufficient to convict. A person may be in constructive possession of a drug even though it is not in his physical custody, if it is subject to his dominion and control.
State v. Ruffin, 96-226, pp. 5-6 (La.App. 5 Cir. 8/28/96), 680 So.2d 85, 87.
In the present case, the defendant argues that because he was incarcerated on July 17, 1997, and because the plate and the razor blade that were also found suggest recent use of the cocaine, the state failed to exclude the possibility that a third person placed the cocaine in the defendant's briefcase. However, two police officers testified that the defendant, who provided the officers with the combination to his briefcase, admitted to them that the cocaine found therein was his.
*1091 It appears that in this case, the jury found the testimony of the two officers to be credible. It is not the function of the appellate court to assess the credibility of witnesses or to reweigh the evidence. State ex rel Graffagnino v. King, 436 So.2d 559 (La. 1983); State v. Rosiere, 488 So.2d 965 (La. 1986); State v. Sampson, 95-58, p. 7 (La. App. 5 Cir. 5/30/95), 656 So.2d 1085, 1088, writ denied, 95-1665 (La.11/27/95), 663 So.2d 730.
Accordingly, we find that the evidence adduced at trial was sufficient to support a conviction under LSA-R.S. 40:967(F)(1)(a).
In his fourth allegation of error, defendant argues that the trial court erred in finding him to be a second felony offender. The defendant claims that the state failed to prove that the defendant's previous conviction in Mississippi amounts to a felony conviction in Louisiana for purposes of LSA-R.S. 15:529.1. Defendant further contends that his in-court identification was tainted.
Initially, we note that defendant failed to preserve his challenge to the use of the predicate offense for appellate review because he did not file a written response to the bill of information which alleged that he was a second offender, and also because he did not challenge the predicate offense at any time before sentence was imposed, as mandated by LSA-R.S. 15:529.1(D). State v. Hardy, 98-25 (La.App. 5 Cir. 5/13/98), 715 So.2d 466,1998 WL 236297.
Furthermore, defendant's prior conviction was obtained in Mississippi, for one count of burglary of a dwelling, in violation of then Miss.Code Ann. § 97-17-19[4].9 The defendant committed the predicate offense on November 21,1986, at which time the Louisiana statute most analogous to Miss.Code Ann. 97-17-19 was LSA-R.S. 14:62.2, which provided for the felony offense of simple burglary of an inhabited dwelling. Accordingly, defendant's prior conviction in Mississippi could be used to adjudicate defendant a second felony offender. La. R.S. 15:529.1(A)(1).
Defendant secondly challenges that his in-court identification at his multiple bill hearing was tainted; however, he presents no argument on appeal as to how his in-court identification was tainted. As this issue was not briefed by defense counsel, we determine that the issue was abandoned. La. Uniform Rules of Court, Courts of Appeal, Rule 2-12.4.
Furthermore, at the hearing on the multiple bill, Captain Merrill Bolling was accepted as an expert in fingerprint identification. He testified that he took defendant's fingerprints within the hour prior to the start of the habitual offender proceeding. He compared these fingerprints with those in the pen pack submitted to prove defendant's prior felony conviction and with those on the bill of information charging defendant with the instant offense and found that they were all made by the same person. Accordingly, we find no merit to this allegation.
Defendant next complains that the thirty year sentence of imprisonment at hard labor was excessive.
The record reflects that defendant failed to file a motion to reconsider sentence, and thus the initial issue on appeal is whether this claim was preserved for appellate review.
In State v. Mims, 619 So.2d 1059 (La. 1993), the defendant moved for reconsideration of a sentence which alleged only that his sentence was excessive. The Louisiana Supreme Court explained the necessity of filing a motion to reconsider sentence as follows:
Under [La.C.Cr.P.] Article 881.1 the defendant must file a motion to reconsider and set forth the "specific grounds" upon which the motion is based in order to raise an objection to the sentence on appeal. However, in order to preserve a claim of constitutional excessiveness, the defendant need not allege any more specific ground than that the sentence is excessive. If the defendant does not allege any specific ground for excessiveness or present any argument or evidence not previously considered by the court at original sentencing, then the defendant does not lose the right to appeal the sentence; the defendant is *1092 simply relegated to having the appellate court consider the bare claim of excessiveness. Article 881.1 only precludes the defendant from presenting arguments to the court of appeal which were not presented to the trial court at a point in the proceedings when the trial court was in a position to correct the deficiency.
This Court has noted that the Mims decision did not address the issue of whether a defendant's failure to file a motion to reconsider his sentence precluded even a claim of "constitutional" excessiveness, and then has "in an abundance of caution," addressed the issues of constitutional excessiveness. State v. Jackson, 96-661 (La.App. 5 Cir. 4/9/7), 694 So.2d 440, writ denied, 97-1050 (La.10/13/97), 703 So.2d 609 and 97-1255 (La.10/13/97), 703 So.2d 612; State v. Allen, 93-838 (La.App. 5 Cir. 5/31/94), 638 So.2d 394; State v. Curtis, 97-769 (La.App. 5 Cir. 2/11/98), 707 So.2d 1328.
Accordingly, we now address defendants argument that his sentence of thirty years is constitutionally excessive.
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. State v. Lassere, 95-1009 (La. App. 5 Cir. 10/1/96), 683 So.2d 812, writ denied, 96-2655 (La.4/18/97), 692 So.2d 445. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. Id. The sentence imposed will not be set aside absent a showing of manifest abuse of the trial court's wide discretion to sentence within statutory limits. Id. The court should consider three factors in reviewing a judge's sentencing discretion: 1) the nature of the crime, 2) the nature and background of the offender, and 3) the sentence imposed for similar crimes by the same court and other courts. State v. Richmond, 97-1225 (La.App. 5 Cir. 3/25/98), 708 So.2d 1272.
In the present case, the defendant was convicted of LSA-R.S. 40:967(F)(1)(a), which provides the following penalty: "... shall be sentenced to serve a term of imprisonment at hard labor of not less than ten years, nor more than sixty years, and to pay a fine of not less than fifty thousand dollars, nor more than one hundred fifty thousand dollars." Following a multiple offender hearing, the defendant was adjudicated a second felony offender, and sentenced pursuant to LSA-R.S. 15:529.1, which provides in pertinent part:
If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction.
Therefore, the defendant, who received an enhanced sentence of thirty years imprisonment at hard labor, received the minimum sentence allowable by law.
The defendant argues that, although he received the minimum term of imprisonment, the sentence constitutes cruel and unusual punishment, and that, therefore, the trial court should have gone below the statutory minimum. It is his contention that, in light of the fact that his previous conviction was not drug related, he "received a shockingly disproportionate sentence for possession of less than 1 ½ ounces of cocaine."
In the recent cases of State v. Johnson, 97-1906 (La.3/4/98) 709 So.2d 672; and State v. Dorthey, 623 So.2d 1276 (La.1993), the Louisiana Supreme Court recognized that the imposition of a mandatory minimum sentence under the Habitual Offender Law may still be reviewed for constitutional excessiveness. In State v. Johnson, at page 676, the court said that:
A trial court must reduce a defendant's sentence to one not constitutionally excessive if the trial court finds that the sentence mandated by the Habitual Offender Law "makes no measurable Contribution to the acceptable goals of punishment", or is nothing more that the "the purposeful imposition of pain and suffering" and is *1093 "grossly out of proportion to the severity of the crime." Finding a mandatory minimum sentence constitutionally excessive requires much more, though, than the mere utterance of the phrases above.
A sentencing judge must always start with the presumption the a mandatory minimum sentence under the Habitual Offender Law is constitutional. A court may depart from the minimum sentence if it finds that there is clear and convincing evidence in the particular case before it which would rebut the presumption of constitutionality.
We have reviewed the record before us and we find no circumstances to rebut the presumption of constitutionality of the minimum sentence imposed in this case. Accordingly, we find that the sentence imposed was not unconstitutionally excessive.
We also note that the defendant's sentence is illegally lenient, as the trial judge did not impose a fine of between fifty thousand dollars ($50,000.00) and one hundred and fifty thousand dollars ($150,000.00), as required by LSA-R.S. 40:967(F)(1)(a), and because the trial judge did not require that the first ten years of the defendant's thirty year sentence be served without the benefit of parole, as required by LSA-R.S. 40:967(G).[5] However, because neither the state nor the defendant has raised this issue on appeal, "this Court will not amend or set aside the illegally lenient sentence on its own motion." State v. Pomeroy, 97-1258 (La. App. 5 Cir. 5/13/98), 713 So.2d 642, 644-45, 1998 WL 236281, *5.

ERROR PATENT DISCUSSION
The record was reviewed for errors patent. LSA-C.Cr.P. art. 920; State v. Godejohn, 425 So.2d 750 (La.1983); State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).
The trial judge failed to properly advise the defendant of the prescriptive period for post-conviction relief as mandated by LSA-C.Cr.P. art. 930.8(C). Upon initial sentencing, the trial judge did advise the defendant of the existence of the three-year prescriptive period for post-conviction relief, but the judge merely advised the defendant as follows: "three years from today's date in which to seek any post-conviction relief." Following the imposition of an enhanced sentence, the trial judge did not advise the defendant of the prescriptive period for postconviction relief as mandated by LSA-C.Cr.P. art. 930.8(C).
Accordingly, we remand the matter to the trial court with an order to send written notice of the prescriptive period to defendant within ten days of the rendering of this opinion, and to file written proof in the record that defendant received such notice in the record of these proceedings. State v. Hall, 95-1073 (La.App. 5 Cir. 4/16/96) 673 So.2d 1127.
For the foregoing reasons, we affirm defendant's conviction and sentence and remand the matter to the district court with the above explained order.
CONVICTION AND SENTENCE AFFIRMED; CASE REMANDED
NOTES
[1] La.C.Cr.P. 841 provides:

An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. A bill of exceptions to rulings or orders is unnecessary. It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor.
[2] LSA-C.Cr.P. art. 831 provides in pertinent part:

A. Except as may be provided by local rules of court in accordance with Articles 522 and 551, a defendant charged with a felony shall be present:
...
(4) At all times during the trial when the court is determining and ruling on the admissibility of evidence;
LSA-C.Cr.P. art. 834 discusses the instances during which the presence of the defendant is not necessary, and states as follows:
The defendant has a right to be present, but his presence is not essential to the validity of any of the following proceedings in a criminal prosecution:
(1) The making, hearing of, or ruling on a preliminary motion or application addressed to the court;
(2) The making, hearing of, or ruling on a motion or application addressed to the court during the trial when the jury is not present; except as provided in Clause (4) of Article 831; and
(3) The making, hearing of, or ruling on a motion or application made after his conviction.
[3] LSA-R.S. 40:967(F)(1)(a) provides as follows:

Any person who knowingly or intentionally possesses twenty-eight grams or more, but less than two hundred grams, of cocaine or of a mixture or substance containing a detectable amount of cocaine or of its analogues as provided in Schedule II(A)(4) of R.S. 40:964, shall be sentenced to serve a term of imprisonment at hard labor of not less than ten years, nor more than sixty years, and to pay a fine of not less than fifty thousand dollars, nor more than one hundred fifty thousand dollars.
[4] Miss.Code Ann. § 97-17-19 was repealed by 1996 Miss. Laws ch. 519, § 2.
[5] Although the commitment form and the minute entry from February 6, 1998 reflect that the trial judge imposed the defendant's enhanced sentence without benefit of parole, the transcript reflects that the trial judge did not sentence the defendant without eligibility for parole. However, whenever there is a discrepancy between the minute entry/commitment and the transcript, the transcript prevails. State v. Orgeron, 97-1054 (La.App. 5 Cir. 3/11/98), 708 So.2d 1242.