_]jGOTHARD, Judge.
Defendant, Wilbert Williams, brings this pro se appeal after his plea of guilty to possession of a firearm by a convicted felon in violation of LSA-R.S. 14:27:95.1, and sentence to two years at hard labor without benefit of probation, parole, or suspension of sentence.
Initially, we note that defendant’s motion for appeal was untimely filed. Defendant was sentenced on April 22, 1998. There is neither an oral motion for appeal nor a motion to reconsider sentence in the record. Defendant filed a “Motion for Notice of Appeal” on May 11,1998, which was granted by the trial court on May 12,1998.
_J¡Time limitations for criminal appeals are designated by LSA-C.Cr.P. art. 914, which provides in pertinent part:
B. The motion for an appeal must be made no later than:
(1) Five days after the rendition of the judgment or ruling from which the appeal is taken.
(2) Five days from the ruling on a motion to reconsider sentence filed pursuant to Article 881.1, should such a motion be filed.
In State v. Counterman, 475 So.2d 336 (La.1985), the Louisiana Supreme Court held that a defendant loses the right to obtain an appeal by simply filing a motion for appeal after failing to make a motion for appeal within the time provided in Article 914. Id. at 338. The Counterman court explained that after the time for appealing has elapsed, the conviction and sentence are no longer subject to review under the ordinary appellate process, unless the defendant obtains the reinstatement of his right to appeal. Id. at 338. The proper procedural vehicle for a defendant to seek the exercise of his right to appeal after the time for appeal has expired is an application for post conviction relief pursuant to LSA-C.Cr.P. articles 924-930.7. Id. at 339.
Because there is nothing in the record to show that defendant obtained reinstatement of his appeal rights, we dismiss *679 the appeal and remand the matter to allow the defendant opportunity to seek reinstatement of his right to appeal by post conviction relief. See, State v. Orgeron, 97-1054 (La.App. 5 Cir 3/11/98), 708 So.2d 1242; State v. Ockmand, 95-413 (La.App.11/28/95), 665 So.2d 588.
APPEAL DISMISSED; MATTER REMANDED.