746 So.2d 82 (1999)
STATE of Louisiana
v.
Keith BOWERS.
No. 99-KA-416.
Court of Appeal of Louisiana, Fifth Circuit.
September 28, 1999.
*83 Katherine M. Franks, Baton Rouge, Louisiana, Attorney for Defendant/Appellant.
Paul D. Connick, Jr., District Attorney Thomas J. Butler, Terry M. Boudreaux, Donald Rowan, Jr., Assistant District Attorneys, Gretna, Louisiana.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., SOL GOTHARD and THOMAS F. DALEY.
*84 DALEY, Judge.
In his second appeal before this court, defendant, Keith Bowers, appeals his fifteen year sentence for armed robbery, a violation of LSA-R.S. 14:64, arguing the sentence is excessive and inadequately supported by the record, that the trial court erred in denying his Motion to Reconsider Sentence, and that the trial judge abused his discretion in not ordering a psychiatric evaluation to determine if defendant had the mental capacity to proceed to sentencing. For the reasons that follow, we affirm the sentence. We also find one error patent, and remand with instructions.

FACTS
The facts are taken from this Court's opinion on original appeal:[1]
The victim Dwayne Simmons was vacuuming the rear of his automobile at a carwash located at the corner of Long-leaf and Destrehan in the Woodmere area of Harvey, when the defendant tapped him on the shoulder, put a gun in his face, and said "Give me your money." The defendant was wearing a red bandanna across his face and Mr. Simmons was able to "get a good look at his eyes." After taking Mr. Simmons' wallet, the defendant walked away, removing the bandanna from his face. When Mr. Simmons asked for his drivers license back, the robber just looked at him then left, heading in the direction of Alex Korman Drive.
Mr. Simmons, fearing that the defendant would see him using the pay phone at the carwash to call police, went home and related these events to his wife. Mrs. Simmons called her friend who lived in the area in which the defendant headed. After being given a description of the robber, her friend's thirteen year old son, observed an individual fitting this description walking by. Mr. and Mrs. Simmons were told this person was named Keith and lived on Aspen Street. This information was relayed to the police.
Based on this information, the police identified the defendant, Keith Bowers, as a suspect in this robbery. The defendant was identified by Mr. Simmons in a photographic lineup.
The defendant was then arrested and charged with one count of armed robbery, in violation of Louisiana Revised Statute 14:64. After pleading not guilty, he was tried and convicted by a jury on January 31, 1997. On March 12, 1997, he was sentenced to serve seventeen years at hard labor, with seven years of the sentence to be served without benefit of probation, parole or suspension of sentence. The defendant's Motion for New Trial was denied and this appeal followed.
State v. Bowers, 712 So.2d at 303-304.
On original appeal, this Court affirmed the defendant's armed robbery conviction, but vacated his seventeen-year sentence because the trial judge failed to observe the twenty-four hour delay period between the denial of defendant's Motion for New Trial and Sentencing, as required by LSA-C.Cr.P. art. 873. State v. Bowers, 97-1029 (La.App. 5 Cir. 5/27/98), 712 So.2d 302.
On remand, on November 4, 1998, the trial judge re-sentenced the defendant to serve fifteen years at hard labor without benefit of parole, probation, or suspension of sentence. The trial judge also ordered that a mental evaluation be performed upon the defendant to assess his psychological needs in jail, as recommended by the Pre-Sentence Investigation Report. The defendant filed a timely Motion to Reconsider Sentence, which was denied after a hearing. Defendant's timely appeal was granted by the trial judge.

ASSIGNMENT OF ERROR NUMBERS ONE AND TWO
Defendant contends, as he did in his Motion to Reconsider Sentence, that his sentence is excessive because this was *85 his first adult offense, because he has mental problems, and because a lesser sentence would not lessen the seriousness of the offense. Defendant further contends that the trial judge abused his discretion by denying his Motion to Reconsider Sentence. The state responds that the sentence of fifteen years is supported by the record and that the trial judge's ruling was not an abuse of discretion.
Both the Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive or cruel punishment. A sentence is generally considered to be excessive if it is grossly disproportionate to the offense or imposes needless pain and suffering.[2] In reviewing a sentence for excessiveness, the appellate court must consider the punishment in light of the harm to society and gauge whether the penalty is so disproportionate as to shock its sense of justice.[3]
A reviewing court will not set aside a sentence as excessive if the record supports the sentence imposed.[4] Factors the court may consider in reviewing the sentencing judge's discretion are: 1) the nature of the crime; 2) the nature and background of the offender; and 3) the sentence imposed for similar crimes by the same court and other courts.[5] When there is an adequate factual basis for the sentence contained in the record, the trial court's failure to articulate every circumstance listed in C.Cr.P. art. 894.1 will not require a remand for re-sentencing.[6]
Defendant was convicted of armed robbery, a violation of LSA-R.S. 14:64. The punishment for armed robbery is imprisonment at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence. Before defendant was re-sentenced on November 4, 1998, defense counsel urged the trial judge to consider the defendant's youth, his mental condition, and the Pre-Sentence Investigation Report. The trial judge then sentenced the defendant as follows:
THE COURT:
All right. I'm going to resentence him and having looked at the P.S.I., you gave me, I will sentence him to fifteen years hard labor without benefit of probation, parole, or suspension of sentence.
I will make a recommendation based on his report, that the Louisiana Department of Corrections perform a mental health evaluation to assess his psychological needs in jail. Okay?
Based on the evidence in the record, the defendant's sentence is not constitutionally excessive. The record reflects that defendant, who was sixteen at the time of the offense, walked up behind the victim, Mr. Simmons, at the car wash at approximately 10:00 p.m. Defendant tapped him on the shoulder, put a gun in his face, and demanded his money. The defendant then took Mr. Simmons' wallet and held Mr. Simmons at gunpoint while he searched Mr. Simmons' car. The gun that defendant used to commit the crime was a semiautomatic handgun. Further, Mr. Simmons testified that he was very "shaken" after the armed robbery. He did not even use the telephone at the car wash for fear that defendant might return and shoot him.
*86 Prior criminal activity is one of the factors to be considered by the trial judge in sentencing a defendant. Prior criminal activity is not limited to convictions.[7] While the instant offense is the defendant's first felony conviction as an adult, the Pre-Sentence Investigation Report reflects that the defendant has extensive juvenile records in both Orleans and Jefferson Parishes. The Pre-Sentence Investigation Report also reflects that the defendant had a "detainer" from the Juvenile Court in Jefferson Parish for violating probation.
A review of our jurisprudence indicates that similar sentences imposed upon youthful defendants convicted of armed robbery have been previously upheld. In State v. Augustine, 555 So.2d 1331, 1332 (La.1990), the Louisiana Supreme Court found that a prison term of forty years for an eighteen year old first offender convicted of armed robbery was not constitutionally excessive. Also, in State v. Singleton, 96-203, p. 11 (La.App. 5 Cir. 8/28/96), 680 So.2d 88, 94, writ granted in part, denied in part, 96-2380 (La.2/7/97), 688 So.2d 486,[8] defendant, who was seventeen at the time of the offenses, was convicted of four counts of armed robbery. This Court held that the four concurrent sentences of seventeen years at hard labor without benefit of parole, probation, or suspension of sentence, were not constitutionally excessive. See also State v. Jefferson, 606 So.2d 869 (La.App. 2 Cir.1992), in which a twenty-three year old defendant was sentenced to sixteen years imprisonment at hard labor without benefits, despite that the fact it was his first felony.
While the defendant claims the trial judge failed to take into account his mental condition, the record reflects otherwise. According to the Pre-Sentence Investigation Report, the defendant had emotional and mental problems, and he had been taking psychotropic medication since April 11, 1995. The report recommended that the trial court order the Department of Corrections (DOC) to perform a mental health evaluation to assess the defendant's psychological needs in jail. The report also advised the trial court to order DOC to implement the treatment recommendations of the mental health evaluation because, "[o]therwise we believe the offender may be at extreme risk of recidivism." In conformity with the Pre-Sentence Investigation Report, the trial judge at re-sentencing recommended that the Department of Corrections perform a mental health evaluation upon defendant. Although the trial judge did not order DOC to implement the treatment recommendations of the evaluation, the record reflects that the judge considered the defendant's mental health conditions.
Thus, the record supports the defendant's sentence. The trial judge was familiar with the case, since he had presided over the defendant's trial. Once imposed, a sentence will not be set aside absent manifest abuse of the trial court's wide discretion to sentence within statutory limits.[9] We find no abuse of the trial judge's discretion in defendant's fifteen year sentence for armed robbery.

ASSIGNMENT OF ERROR NUMBER THREE
The defendant contends that the trial judge should have ordered a mental examination of defendant before sentencing because reasonable grounds existed to doubt the defendant's mental capacity to proceed. The State responds that the defendant did not request a mental examination, nor did he raise any issues concerning *87 his mental capacity. The State further responds that the defendant is precluded from raising this issue on appeal because he did not object to the trial judge's failure to order such an examination.
According to LSA-C.Cr.P. art. 641, "[m]ental incapacity to proceed exists when, as a result of mental disease or defect, a defendant presently lacks the capacity to understand the proceedings against him or to assist in his defense." A defendant's mental incapacity to proceed may be raised by the defense, the district attorney, or the court at any time, even after conviction, as a reason why sentence should not be passed. LSA-C.Cr.P. art. 642; State v. Clark, 367 So.2d 311, 313 (La.1979); State v. Payne, 586 So.2d 652, 654 (La.App. 5 Cir.1991).
In the instant case, it does not appear that the trial judge was obligated to order a mental examination of the defendant. The defendant did not request any kind of mental health examination before he was sentenced. While the Pre-Sentence Investigation Report indicates that defendant had a history of mental problems, including mental retardation, and depression, the record does not reflect that defendant was unable to understand the proceedings against him or unable to assist in his defense. Rather, the record reflects that the defendant was able to make decisions, and that he was able to communicate with defense counsel. When the defendant was re-sentenced, defense counsel informed the court that the defendant had said that he did not wish to address the court.
In a similar case, State v. Payne, 586 So.2d 652 (La.App. 5 Cir.1991), at sentencing, defense counsel stated that she did not believe the defendant understood the proceedings, but did not move for a sanity hearing. This Court held that the trial judge was not required to convene a sanity commission before sentencing because the defendant had not overcome the presumption of his capacity to proceed.
Given the facts in this case we find that the trial judge did not err in proceeding to sentence defendant without convening a sanity commission to determine defendant's competence to be sentenced.

ERROR PATENT DISCUSSION
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990); and State v. Godejohn, 425 So.2d 750 (La.1983).
The record reflects that defendant was not informed either at original sentencing, or upon re-sentencing, of the provisions of LSA-C.Cr.P. art. 930.8, which require a trial judge to inform a defendant at sentencing that he has three years after his judgment of conviction and sentence becomes final within which to apply for post conviction relief. The trial court is ordered to send written notice of the prescriptive period to the defendant within ten days of the rendering of this Court's opinion, and then file written proof in the record that defendant received such notice.[10]
Accordingly, defendant's sentence is affirmed.
AFFIRMED; REMANDED WITH INSTRUCTIONS.
NOTES
[1] The record of the original appeal is an exhibit to this appeal.
[2] State v. Lobato, 603 So.2d 739, 751 (La. 1992); State v. Daigle, 96-782, p. 2 (La.App. 5 Cir. 1/28/97), 688 So.2d 158, 159, writ denied, 97-0597 (La.9/5/97), 700 So.2d 506.
[3] State v. Daigle; State v. Jackson, 597 So.2d 1188 (La.App. 5 Cir.1992).
[4] LSA-C.Cr.P. art. 881.4(D); State v. McCorkle, 97-966, p. 14 (La.App. 5 Cir. 2/25/98), 708 So.2d 1212, 1219.
[5] State v. Medious, 98-419, p. 11 (La.App. 5 Cir. 11/25/98), 722 So.2d 1086, 1092, writ denied, 98-3201 (La.4/23/99), 742 So.2d 876, 1999 WL 291676; State v. Richmond, 97-1225, p. 6 (La.App. 5 Cir. 3/25/98), 708 So.2d 1272, 1275.
[6] State v. Sanders, 98-609, p. 4 (La.App. 5 Cir. 12/16/98), 728 So.2d 470, 472.
[7] State v. Washington, 414 So.2d 313, 315 (La.1982); State v. McCorkle, 97-966, p. 15 (La.App. 5 Cir. 2/25/98), 708 So.2d 1212, 1219.
[8] The writ in Singleton was granted only to delete the denial of eligibility for diminution of sentence for good behavior, pursuant to La. R.S. 15:571.3(A). Singleton, 688 So.2d at 486. In all other respects, the writ application was denied.
[9] State v. Tran, 97-640, p. 12 (La.App. 5 Cir. 3/11/98), 709 So.2d 311, 318.
[10] See State v. Stelly, 98-578, pp. 5-6 (La. App. 5 Cir. 12/16/98), 725 So.2d 562, 564; State v. Kershaw, 94-141 (La.App. 5 Cir. 9/14/94), 643 So.2d 1289.