758 So.2d 881 (2000)
STATE of Louisiana
v.
Denaud EGANA.
No. 99-KA-1127.
Court of Appeal of Louisiana, Fifth Circuit.
February 29, 2000.
Writ Granted March 31, 2000.
*882 Bruce G. Whittaker, Louisiana Appellate Project, Gretna, Louisiana, Attorney for Appellant Denaud Egana.
Paul D. Connick, Jr., District Attorney, 24 th Judicial District, Parish of Jefferson, State of Louisiana, Thomas J. Butler-Counsel of Record on Appeal, Terry M. Boudreaux-Appellatre Counsel, Vincent Paciera, Jr.-Trial Counsel, Ron Austin-Trial Counsel, Assistant District Attorneys, Gretna, Louisiana, Attorneys for Appellee State of Louisiana.
Panel composed of Judges SOL GOTHARD, JAMES L. CANNELLA and SUSAN M. CHEHARDY.
CANNELLA, Judge.
Defendant, Denaud Egana, appeals from his sentence following his conviction of distribution of cocaine, a violation of La. R.S. 40:967 A. We dismiss the appeal and remand.
Defendant was charged with the offense on February 12, 1998. He was arraigned on July 17, 1998 and entered a plea of not guilty. On March 2, 1999, defendant was tried and convicted by a jury of twelve persons. On March 23, 1999, defendant filed a motion for new trial in proper person. The motion was argued and denied on April 12, 1999. Following the denial of his Motion for New Trial, defendant waived sentencing delays[1] and the trial judge immediately sentenced him to ten years incarceration at hard labor. The trial judge then advised defendant that he would have three years from the date his conviction and sentence became final in which to apply for post conviction relief and granted defense counsel's motion to withdraw as counsel of record.
On April 21, 1999, defendant filed, in proper person, a Notice of Intention to Apply for Supervisory Writ of Certiorari. In the motion, defendant notified the trial court of his intention "to apply to the Court of Appeal, 5 th Circuit, State of Louisiana, for supervisory writ of certiorari/appeal, from the denial of motion for a new trial rendered by this Court on April 12, 1999." On May 7, 1999, the trial judge issued a written order granting defendant an appeal. Defendant then filed a motion for appeal on August 24, 1999, which was granted on August 25, 1999.

JURISDICTIONAL REVIEW
La.C.Cr.P. art. 912A provides that, "[o]nly a final judgment is appealable." Among those judgments considered to be "final" are judgments which impose sentence. La.C.Cr.P. art. 912 C(1).
The delays for criminal appeals are prescribed by La.C.Cr.P. art. 914, which provides:
A. A motion for an appeal may be made orally in open court or by filing a written motion with the clerk. The motion shall be entered in the minutes of the court.
B. The motion for an appeal must be made no later than:
(1) Five days after the rendition of the judgment or ruling from which the appeal is taken.
(2) Five days from the ruling on a motion to reconsider sentence filed pursuant to Article 881.1, should such a motion be filed.
In this case, defendant was sentenced on April 12, 1999. According to the *883 transcript, he did not make an oral motion for appeal, nor does the record contain a motion to reconsider sentence. The trial judge mentioned at the time of sentencing that the State could file an habitual offender bill based on defendant's prior felony conviction. However, there is nothing in the record to show that the State actually filed an habitual offender bill. Therefore, the five-day delay began to run on April 12, 1999, the date of defendant's sentencing. The appeal delay expired on April 19, 1999. See: La.C.Cr.P. art. 13. The Notice of Intention to Apply for Supervisory Writ of Certiorari filed by defendant on April 21, 1999 is not a motion for appeal. Even if it is viewed as such, it was not filed timely.
In addition, although the trial court granted defendant an appeal in an order dated May 7, 1999, apparently responding to defendant's pro se motion, defendant failed to file a written motion for appeal until August 24, 1999. Thus, he failed to preserve his right to appeal within five days of sentencing, as prescribed by C.Cr.P. art. 914.
It is well settled that a defendant who fails to make a timely motion for appeal may not remedy the error by simply filing a motion for appeal in the trial court. The procedural vehicle by which a defendant must seek the exercise of his right to appeal after the time for appeal has expired is an application for post-conviction relief. State v. Counterman, 475 So.2d 336, 339 (La.1985); State v. Williams, 98-819 (La.App. 5th Cir. 1/26/99), 727 So.2d 678. Thus, we dismiss defendant's appeal and remand his case to the trial court to allow the defendant an opportunity to seek reinstatement of his right to appeal by post conviction relief, in conformity with State v. Counterman. See: State v. Williams, 727 So.2d at 679; State v. Orgeron, 97-1054 (La.App. 5th Cir. 3/11/98), 708 So.2d 1242, 1244.
Accordingly, defendant's appeal is hereby dismissed. The case is remanded for further proceedings.
APPEAL DISMISSED; CASE REMANDED.
NOTES
[1] Although defendant did not expressly state that he was waiving the 24-hour delay required by La.C.Cr.P. art. 873, defense counsel told the trial court that defendant was "ready for sentencing" after the denial of the new trial motion. (R., p. 245). Such a statement has been held to be an implied waiver of the sentencing delay. State v. Biglane, 99-111 (La.App. 5th Cir. 5/19/99), 738 So.2d 630, 639.