771 So.2d 638 (2000)
STATE ex rel. Denaud EGANA
v.
STATE of Louisiana.
No. 2000-KH-2351.
Supreme Court of Louisiana.
September 22, 2000.
PER CURIAM.
Writ granted. The Court of Appeal, Fifth Circuit, is directed to reconsider its opinion in State v. Egana, (La.App. 5th Cir.2/29/00), 758 So.2d 881. Specifically, the court is directed to review relator's district court filing of April 1999 both to determine if relator filed it timely under the "mailbox rule" of Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), and to determine whether, if read fairly and in conformance with principles applicable in review of pro se pleadings, it constituted a motion for appeal. See generally Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (Court holds pro se filings to "less stringent standards than formal pleadings filed by lawyers...."); State ex rel. Johnson v. Maggio, 440 So.2d 1336, 1337 (La.1983) (pro se petitioner "is not to be denied access to the courts for review of his case on the merits by the overzealous application of form and pleading requirements or hyper-technical interpretations of court rules."). In addition, the court is directed to review relator's district court pleading of August, 1999, to determine if it satisfied the conditions set out in State v. Counterman, 475 So.2d 336, 340 (La.1985) (filing seeking out-of-time appeal but with improper caption "should have been treated as an application for post-conviction relief."). If the first pleading was filed timely and was a motion for appeal, the court of appeal is directed to appoint counsel for relator and take all steps necessary for prosecution of the appeal. Even if the first filing was not timely or did not qualify as a motion for appeal, if the second filing fell within the liberal bounds set out in Counterman, 475 So.2d at 339 (i.e., the filing went to the district court and the state had an opportunity to oppose it), the court of appeal is likewise directed to appoint counsel for relator and take all steps necessary for prosecution of the appeal. To the extent that the restrictive rule for district court consideration of post-conviction filings that seek out-of-time appeals but do not carry an appropriate caption set out in State v. Williams, 98-0819 (La.App. 5th Cir.1/26/99), 727 So.2d 678, and progeny if any diverge from the principles set out. above, they are disapproved.