462 So.2d 248 (1984)
STATE of Louisiana
v.
Adolph ARCHIE.
No. KA 0627.
Court of Appeal of Louisiana, Fourth Circuit.
December 19, 1984.
William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Mary Charlotte McMullan, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Dwight Doskey, Maurice Hattier, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
Before SCHOTT, BYRNES and ARMSTRONG, JJ.
SCHOTT, Judge.
Defendant was convicted of being a felon in possession of a firearm in violation of R.S. 14:95.1 and sentenced to ten years at hard labor. In his only assignment of error, he contends the trial court erred in denying his motion to suppress. Moreover, he contends he is entitled to have his conviction and sentence vacated because a portion of the transcript of the hearing on the motion to suppress has been lost so that he is being deprived of a meaningful review on appeal.
The record does not contain a regular transcript of the hearing. Our own efforts to have the transcript produced have confirmed defendant's counsel's assertion that it is lost and cannot be reproduced by the court reporter.
In Louisiana a person is entitled to judicial review based upon a complete record of all evidence upon which the judgment is based. LSA-Const. Art. 1, Section 19. If defendant's motion was erroneously denied, his conviction was necessarily illegal because his possession of the firearm is one of the essential elements of the offense.
However, the circumstances do not warrant vacating the conviction and sentence at this point. All that is required is for the trial judge to conduct another hearing on the motion to suppress and again act on the motion. Should she decide to grant the motion, she would likewise be required to vacate the conviction and sentence. On the other hand should she again deny the motion, the case shall be returned to this court for complete review on appeal.
We are aware that Officer Corales is deceased, but luckily the court reporter did produce the portion of the transcript of the motion hearing containing his testimony for use at the trial. It was the testimony of Officer Peyton which was lost. Therefore, *249 the trial court shall utilize the transcription of the testimony of Officer Corales taken on September 7, 1982 together with the testimony of Officer Peyton and any other evidence the parties may wish to produce in conducting another hearing on defendant's motion to suppress the firearm.
Accordingly, the case is remanded to the trial court for further proceedings as outlined in this opinion.
REMANDED.