731 So.2d 365 (1999)
STATE of Louisiana
v.
Andre RANDOLPH.
No. 98-KA-965.
Court of Appeal of Louisiana, Fifth Circuit.
February 23, 1999.
*366 Paul D. Connick, Jr., District Attorney, Ellen S. Fantaci, Terry M. Boudreaux, Deborah A. Villio, Donald R. Rowan, Jr., Assistant Dist. Attys., Gretna, LA, for Plaintiff-Appellee.
Bruce G. Whittaker, Louisiana Appellate Project, Gretna, LA, for Defendant-Appellant.
Panel composed of Judges CHARLES GRISBAUM, Jr., EDWARD A. DUFRESNE, Jr. and THOMAS C. WICKER, Jr., Judge Pro Tem.
DUFRESNE, Judge.
The Jefferson Parish District Attorney filed a bill of information charging defendant, Andre Randolph, with one count of second degree kidnapping, LSA-R.S. 14:44.1, and three counts of armed robbery, LSA-R.S. 14:64. After being fully advised of his constitutional rights, defendant withdrew his former pleas of not guilty and pled guilty as charged. The court sentenced defendant on the three counts of armed robbery to forty-two years at hard labor without benefit of probation, parole, or suspension of sentence. On the kidnapping count, the court sentenced defendant to forty years at hard labor, with two of those years to be served without benefit of probation, parole or suspension of sentence. The judge ordered that the sentences run concurrently and with credit given for time served.
The State subsequently filed a bill of information seeking to have defendant adjudicated a multiple offender pursuant to the provisions of LSA-R.S. 15:529.1. Following a hearing, the court found defendant to be a second felony offender. The judge thereafter vacated the original sentence and sentenced defendant to forty-two years at hard labor without benefit of probation, parole or suspension of sentence, with credit for time served.
The defendant now appeals, arguing that the trial court erred in adjudicating him a multiple offender because the predicate plea was defective. The defendant specifically contends that when he pled guilty to the predicate felony, the trial judge failed to advise him of the maximum sentence exposure, as is now required under LSA-C.Cr.P. art. 556.1. The State responds that, according to LSA-R.S. 15:529.1(D)(1)(b), the defendant has procedurally waived his right to raise the sufficiency of the predicate plea on this basis. We agree with the State's argument.
In this case, the record reflects that the State filed a multiple offender bill of information in June of 1997, alleging defendant was a second felony offender under LSA-R.S. 15:529.1. The multiple bill alleged the underlying offense to be a violation of LSA-R.S. 14:44.1, second degree kidnapping, to which defendant pled guilty on June 24, 1997. The predicate offense was possession of stolen property with a value over $500, in violation of LSA-R.S. 14:69, to which defendant pled guilty on April 20, 1994. The defendant filed a written response to the multiple bill in which he alleged that the predicate conviction was defective because he was not "advised of the future applicability of LSA-R.S. 15:529.1" when he pled guilty to the predicate offense.
At the hearing on the multiple bill, the State presented evidence of the predicate *367 conviction, including certified copies of two fingerprint cards and four arrest registers from Orleans Parish. The State also introduced the transcript of the Boykin colloquy between defendant and the trial judge at the guilty plea proceedings for the predicate offense. At the hearing, defense counsel's sole objection was that the predicate plea colloquy failed to "fully advise [his] client of his right to a confrontation on this matter." During the multiple offender hearing, defense counsel did not raise an objection relating to the failure of the Orleans Parish Court to advise defendant of the maximum sentence exposure during the predicate plea proceeding.
LSA-R.S. 15:529.1(D)(1)(b) provides, in pertinent part, that:
If the person claims that any conviction or adjudication of delinquency alleged is invalid, he shall file a written response to the information. A copy of the response shall be served upon the prosecutor. A person claiming that a conviction or adjudication of delinquency alleged in the information was obtained in violation of the Constitutions of Louisiana or of the United States shall set forth his claim, and the factual basis therefor, with particularity in his response to the information. The person shall have the burden of proof, by a preponderance of the evidence, on any issue of fact raised by the response. Any challenge to a previous conviction or adjudication of delinquency which is not made before sentence is imposed may not thereafter be raised to attack the sentence. (Emphasis added).
According to LSA-R.S. 15:529.1(D)(1)(b), a defendant seeking to attack a predicate plea must allege his claim with particularity in his response to the bill of information. In his response to the multiple bill, defendant did not address the trial judge's failure to inform him of the sentencing range but rather attacked the plea as defective because defendant was not informed of the "future applicability of LSA-R.S. 15:529.1."
LSA-R.S. 15:529.1(D)(1)(b) further establishes that "any challenge to a previous conviction or adjudication of delinquency which is not made before sentence is imposed may not thereafter be raised to attack the sentence." In this case, defense counsel had an opportunity during the multiple offender proceedings to raise an objection to the predicate plea based on the Orleans Parish court's alleged failure to adequately inform defendant of the maximum sentence exposure. However, he did not challenge the predicate plea on the grounds that he now raises on appeal. Because defendant failed to challenge the validity of the predicate plea with particularity before sentence was imposed, we find that the defendant has not preserved his right to now raise this issue.
We further note that even had this issue been properly preserved for review, LSA-C.Cr.P. art. 556.1 which statutorily requires a trial judge to advise a defendant of the maximum possible penalty, was not in effect at the time of defendant's predicate plea. Moreover, the transcript from the April 20, 1994 hearing shows that prior to accepting the guilty plea, the trial judge fully advised defendant of his rights and of the actual sentence which would be imposed.
On appeal, defendant also assigns as error any and all errors patent on the face of the record. In accordance with LSA-C.Cr.P. art. 920 and State v. Oliveaux, 312 So.2d 337 (La.1975), we have reviewed the record for errors patent and find none.
For the reasons set forth herein, we affirm the defendant's convictions and sentences.
AFFIRMED.