12DALEY, Judge.
Defendant, Carl L. Russell, appeals his sentence for his conviction under LSA-R.S. 14:95.1, a felon carrying a firearm, as constitutionally excessive. We affirm.
On original appeal, the defendant appealed his conviction and sentence, and on January 13, 1999, this court affirmed the defendant’s conviction, vacated the defendant’s sentence and remanded the case for re-sentencing. This court held that by sentencing the defendant without him present in court, the trial court violated the mandatory provisions of LSA-C.Cr.P. art. 835. The defendant’s sentence was set aside, and the matter remanded for resentencing. State v. Russell, 98-682 (La.App. 5 Cir.1/13/99), 726 So.2d 444, writ denied, 99-469 (La.6/18/99), 745 So.2d 19.
On March 3, 1999, the trial court re-sentenced the defendant to 10 years at hard labor without benefit of probation, parole or suspension of sentence. The trial court also required the defendant to pay a $1,000.00 fine. The defendant filed a Motion to ^Reconsider Sentence, claiming that his sentence was excessive. The trial court denied that motion on March 15, 1999. The defendant filed a timely appeal.
As his sole assignment on appeal, the defendant alleges that his minimum sentence of 10 years at hard labor was excessive. The defendant properly preserved this assignment for review by filing a timely Motion to Reconsider Sentence. The state replies that the defendant’s sentence is not excessive and is the minimum permissible under the applicable status.
The Louisiana Constitution, in Article I, § 20, prohibits the imposition of excessive punishment. Even a sentence within the prescribed statutory limit may violate a defendant’s right against excessive punishment. State v. Sweeney, 443 So.2d 522 (La.1983). A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. A sentence is grossly disproportionate if, when the crime and punishment are considered in fight of the harm done to society, it shocks the sense of justice. State v. Bradham, 94-71 (La.App. 5 Cir. 5/31/94), 638 So.2d 428. The trial judge has wide discretion in imposing sentences within the statutory limits, and sentences will not be set aside as excessive absent manifest abuse of that broad discretion. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Riche, 608 So.2d 639 (La.App. 5 Cir.1992), writ denied, 613 So.2d 972 (La.1993).
The court should consider three factors in reviewing a judge’s sentencing discretion: 1) the nature of the crime, 2) the nature and background of the offender, and 3) the sentence imposed for similar crimes by the same court and other courts. State v. Telsee, 425 So.2d 1251 (La.1983); *1076 State v. Smith, 520 So.2d 1252 (La.App. 5 Cir.1988), writ denied, 528 So.2d 1320.
[4The defendant complains of his 10-year sentence imposed for violating LSA-R.S. 14:95.1. The penalty provisions for LSA-R.S. 14:95.1 provide for a range of sentence at hard labor not less than 10 years nor more than 15 years, without probation, parol, or suspension of sentence, and a fine of' not less than $1,000.00 nor more than $5,000.00. Thus, the defendant in the instant case, sentenced to 10 years imprisonment and a $1000.00 fine, received the minimum sentence allowable by law. However, he argues that the minimum sentence was constitutionally excessive, and the trial court should have deviated from the statutory minimum, because “he is a relatively young man who can be rehabilitated.”
The Louisiana Supreme Court, citing State v. Dorthey, 623 So.2d 1276, 1278 (La.1993), stated that “[i]t is a well established principle that it is the legislature’s prerogative to determine the length of the sentence imposed for crimes classified as felonies.” State v. Rome, 96-0991 (La.7/1/97), 696 So.2d 976. This court has followed the principles articulated in State v. Rome, holding that mandatory minimum sentences, as prescribed by law, were not constitutionally excessive. State v. Ewens, 98-1096 (LaApp. 5 Cir. 3/30/99), 735 So.2d 89; State v. Richards, 97-1182 (La.App. 5 Cir. 4/15/98), 713 So.2d 514, writ denied, 98-1452 (La.10/9/98), 726 So.2d 27; State v. Curtis, 97-769 (LaApp. 5 Cir. 2/11/98), 707 So.2d 1328.
Defendant relies upon the Louisiana Supreme Court’s opinion in State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672, to suggest that a downward deviation from the minimum sentence was justified in this case. There, the Court held that to rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must clearly and convincingly show that:
[he] is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature’s failure to |fiassign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.
Accordingly, under Johnson, a trial judge may reduce a statutorily mandated sentence, should the trial judge find the sentence to be constitutionally excessive because the defendant is “exceptional” in the aforementioned manner. In Johnson, the trial court found “exceptional” circumstances and imposed a sentence lower than the mandated statutory minimum. However, defendant’s case is distinguishable from Johnson.[1] The record in the instant case shows that the trial court was aware of the aggravating and mitigating circumstances of the case. During the trial, the court heard evidence that the defendant had a predicate conviction for possession of cocaine, and had outstanding attachments for theft and a traffic violation. The trial court did not choose to find the 10-year sentence to be constitutionally excessive. A review of the record finds no special or unique circumstances to rebut the presumption of constitutionality of the minimum sentence imposed in the case. State v. Medious, 98-419 (La.App. 5 Cir. 11/25/98), 722 So.2d 1086, writ denied, 98-3201 (La.4/23/99) 1999 WL 291676.
Accordingly, the defendant’s sentence, the mandatory minimum for the offense, is not excessive, and the trial court did not err by imposing the required sentence. This assignment of error has no merit.

ERROR PATENT DISCUSSION

The record was reviewed for errors patent.[2] The record reflects that the trial *1077 judge did not accurately advise the defendant of the period within which to file a | fiPosb-Conviction Relief Application. According to LSA-C.Cr.P. art. 930.8, a defendant has two years from the date his conviction is final to apply for post conviction relief, not two years from the sentencing date.[3] Therefore, we remand and order the district court to send written notice of the provisions of LSA-C.Cr.P. art. 930.8 to the defendant within ten days of the rendering of this opinion, and file written proof in the record that defendant received said notice. See State v. Stelly, 98-578 (La.App. 5 Cir. 12/16/98), 725 So.2d 562.
Accordingly, defendant’s conviction is affirmed, and the matter remanded.
AFFIRMED; REMANDED WITH INSTRUCTIONS.

. Johnson refers specifically to sentences imposed under LSA-R.S. 15:529.1, the habitual offender law, and the defendant in the instant case was not sentenced under the provisions of LSA-R.S. 15:529.1.

. LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990); and State v. Godejohn, 425 So.2d 750 (La.1983).

. The Louisiana Legislature amended article 930.8, effective on August 15, 1999, to shorten the prescriptive period from three years to two years. The application of the amended prescriptive period in defendant’s case does not violate ex post facto prohibitions, because article 930.8 does not relate to an offense or its punishment. See State ex rel. Glover v. State, 93-2330, 94-2101, 94-2197 (La.9/5/95), 660 So.2d 1189, 1201.