839 So.2d 239 (2003)
STATE of Louisiana
v.
Jamie SIMMONS, a/k/a Joseph Simmons, a/k/a Julian Simmons.
No. 02-KA-960.
Court of Appeal of Louisiana, Fifth Circuit.
January 28, 2003.
*241 Bruce G. Whittaker, New Orleans, LA, for Defendant-Appellant, Jamie Simmons a/k/a Joseph Simmons a/k/a Julian Simmons.
Paul D. Connick, Jr., District Attorney, 24th Judicial District, Terry Boudreaux, Assistant District Attorney, Gretna, LA, for Plaintiff-Appellee, The State of Louisiana.
Panel composed of Judges THOMAS F. DALEY, SUSAN M. CHEHARDY and CLARENCE E. McMANUS.
SUSAN M. CHEHARDY, Judge.
On July 12, 2000 the Jefferson Parish District Attorney filed a bill of information charging Jamie Simmons with distribution of cocaine, a violation of La.R.S. 40:967(A).[1] The defendant entered a plea of not guilty at arraignment. After a two-day trial, on September 29, 2000 a twelve-member jury found the defendant guilty as charged.
On April 25, 2001 the defendant was sentenced to serve fifteen years of imprisonment at hard labor, with the first five years of the sentence to be served without benefit of parole, probation, or suspension of sentence and to be served concurrently with the sentence he was then serving on a parole violation. The State filed a habitual offender bill of information alleging defendant to be a third felony offender. The defendant denied the allegations.
Following a hearing on August 2, 2001, the trial judge found the defendant to be a third felony offender as alleged by the State. The trial judge delayed sentencing so that the State and defense could submit memoranda on which version of La.R.S. 15:529.1 should be applied in defendant's case.
Finding that the pre-2001 amendment to La.R.S. 15:529.1 applied, the trial judge imposed the mandatory sentence of life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. This timely appeal follows.[2]

FACTS
The following factual statement was developed from the State's witnesses presented at trial. The defense rested without presenting any testimony.
On August 11, 1999, Agent Mason Williams of the Jefferson Parish Sheriff's Office was working undercover in the Bridge City (Westwego) area of Jefferson Parish, purchasing narcotics. Agent *242 Williams was driving a vehicle equipped with a video camera and an audio transmitter. Agent Derek Castine was a member of the surveillance team and monitored the transaction on the audio transmitter.
At trial, Agent Williams testified that he stopped the vehicle when he saw a man, later identified as the defendant, riding a bicycle. Agent Williams asked the defendant if he had a "20," which Agent Williams explained was street language for one rock of crack cocaine. The defendant told Agent Williams to drive around the block and Agent Williams complied. The defendant approached Agent Williams' vehicle, and Agent Williams asked the defendant to let him see the object. The defendant, however, instructed Agent Williams to drop the money on the ground. Ultimately, the defendant handed Agent Williams a rock-like object, then Agent Williams dropped the money on the ground. As Agent Williams drove away, he observed the defendant in the rear-view mirror retrieving the money. The videotape of this transaction was played for the jury at trial and the tape was entered into evidence as State's Exhibit 3.
After the transaction, Agent Williams gave Agent Castine the rock-like object and the videotape of the transaction. Agent Castine testified that the object field-tested positive for the presence of cocaine. According to Thomas Angelica, who was accepted as an expert forensic scientist at trial, the rock-like object weighed .30 grams and tested positive for the presence of cocaine.
Sometime after the transaction, Agent Castine and Sergeant Joe Williams viewed the videotape. Sergeant Williams testified that he recognized the defendant and supplied the defendant's name to Agent Castine. After viewing a photographic lineup prepared by Agent Castine, Agent Williams identified the defendant as the person who sold him the crack cocaine. Agent Williams also positively identified defendant at trial.

ASSIGNMENT OF ERROR NUMBER ONE

The trial court imposed an excessive sentence.
The defendant contends that his life sentence as a third felony offender is constitutionally excessive. The State responds that this mandatory minimum sentence is not excessive.
By 2001 La. Acts 403, § 7, the Louisiana Legislature enacted Act 403, which became effective on June 15, 2001. It amended the penalty provisions of numerous statutes, including the underlying offense in this case and the penalty provisions under the habitual offender statute for third and fourth felony offenders. Act 403 also created a Risk Review Panel to "evaluate the risk of danger" certain convicted individuals pose to society if released from confinement. 2001 La. Acts 403, § 2. In Section 6, the Act specified that the provisions "shall only have prospective effect."
Since the effective date of Act 403, this Court has held that the pre-amendment version of LA.R.S. 15:529.1 applies when the underlying offense is committed before the effective date of Act 403, even when the sentence is imposed after Act 403's effective date. See State v. Ventress, 01-1165 (La.App. 5 Cir. 4/30/02), 817 So.2d 377, 380-383; State v. Flagg, 01-965 (La. App. 5 Cir. 3/26/02), 815 So.2d 208, 209-212.
In State v. Sugasti, 01-3407(La.6/21/02), 820 So.2d 518, the Louisiana Supreme Court held that Act 403's amendment to the penalty provision of La. R.S. 40:966(C), possession of heroin, did not apply to a defendant who committed the offense before Act 403's effective date.
*243 In the present case, the trial judge sentenced the defendant under the pre-amendment version of La.R.S. 15:529.1. Based on Sugasti, Flagg, and Ventress, the trial judge properly sentenced defendant pursuant to the version of La.R.S. 15:529.1 in effect before the 2001 amendment. Defendant correctly acknowledges that, under either version of La.R.S. 15:529.1, he is subject to a mandatory sentence of life imprisonment.[3]
The record does not reflect that the defendant made or filed a motion to reconsider his sentence pursuant to La.C.Cr.P. art. 881.1. Rather, the defendant merely asked the court to "note an objection" to the sentence. The failure to file a motion to reconsider sentence, or to state specific grounds upon which the motion is based, limits a defendant to a bare review of the sentence for constitutional excessiveness. See State v. Hester, 99-426 (La.App. 5 Cir. 9/28/99), 746 So.2d 95, 103, writ denied, State v. Patterson, 99-3217 (La.4/20/00), 760 So.2d 342. Accordingly, we shall conduct a review of the defendant's sentence for constitutional excessiveness.
Both the Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. The Louisiana Supreme Court has recognized that a mandatory minimum sentence under the Habitual Offender Law may still be reviewed for constitutional excessiveness. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672; State v. Dorthey, 623 So.2d 1276 (La.1993).
When a trial court determines that the minimum sentence mandated by La.R.S. 15:529.1 makes no "measurable contribution to acceptable goals of punishment," or that the sentence amounts to nothing more than the purposeful imposition of pain and suffering and is grossly out of proportion to the severity of the crime, the trial judge must reduce the sentence to one that would not be constitutionally excessive. State v. Dorthey, 623 So.2d at 1280. However, the Johnson court cautioned that a trial judge's determination that a mandatory minimum sentence is excessive requires more than merely uttering the above-quoted phrases. State v. Johnson, 709 So.2d at 676.
It is presumed that a mandatory minimum sentence under the Habitual Offender Law is constitutional. State v. Johnson, 709 So.2d at 676; State v. Medious, 98-419 (La.App. 5 Cir. 11/25/98), 722 So.2d 1086, 1093, writ denied, 98-3201 (La.4/23/99), 742 So.2d 876. In order to rebut the presumption of constitutionality, the defendant must clearly and convincingly show that he is exceptional, which ... means that because of unusual circumstances this defendant is a victim of the legislatures failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense and the circumstances of the case. State v. Johnson, 709 So.2d at 676.
If the trial court finds clear and convincing evidence that justifies reducing the mandatory minimum sentence, the *244 court cannot impose whatever sentence it may feel is appropriate. Rather, the trial court must impose the longest sentence that is not constitutionally excessive, with specific reasons to explain why that sentence is the longest sentence that is not constitutionally excessive. State v. Johnson, 709 So.2d at 677. However, "[a] sentencing court should exercise its authority to declare excessive a minimum sentence mandated by the Habitual Offender Statute only under rare circumstances." State v. Lindsey, 99-3256 (La.10/17/00), 770 So.2d 339, 345.
Before the enhanced sentence was imposed, the defendant urged that a life sentence would be "extremely harsh" considering the "very very small" amount of cocaine involved in the instant case. After the enhanced sentence was imposed, the defendant objected to the sentence as excessive, but did not urge any specific basis for the court to deviate from the mandatory minimum. On appeal, the defendant asserts that his enhanced sentence is excessive because he has a history of non-violent drug offenses, which indicates that he has been addicted to cocaine all of his adult life.
After reviewing the evidence of the defendant's predicate offenses presented at the habitual offender hearing, it does not appear that the defendant is the type of exceptional individual contemplated by State v. Johnson. To the contrary, he seems to be the very type of recidivist individual for whom the Habitual Offender Law has been designed. The defendants first predicate conviction, simple burglary of an inhabited dwelling in 1989, arose out of a three-count bill of information that charged defendant with two other counts of simple burglary of inhabited dwellings within a two-month period. Defendant pleaded guilty as charged to all three counts and received concurrent sentences of four years at hard labor on each count. In connection with the guilty pleas, the State agreed not to file a multiple bill against defendant.
The second predicate conviction, distribution of cocaine in 1994, arose out of a six-count bill of information that charged defendant with five other counts of distribution of cocaine within a one-month period. Defendant pleaded guilty as charged to all counts and received concurrent sentences of ten years at hard labor. Once again, the State agreed not to file a multiple bill against the defendant. While on parole, the defendant committed the third and underlying offense of distribution of cocaine in 1999.
At the time of the commission of the underlying offense in 1999, the Habitual Offender Law provided that, if one of the predicate felonies or the underlying felony is a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for more than five years, a life sentence of imprisonment without benefit of parole, probation or suspension of sentence is mandated.
In the instant case, the defendant's sentence of life imprisonment without benefit of parole, probation, or suspension of sentence is mandatory because both the underlying offense and the second predicate offense of distribution of cocaine are violations of the Uniform Controlled Dangerous Substances Law punishable by more than five years of imprisonment. See La.R.S. 40:967(A); La.R.S. 15:529.1(A)(1)(b)(ii).
Based on the foregoing, we find that the defendant has failed make a showing of exceptional circumstances sufficient to justify a downward departure from the mandatory sentence of life imprisonment. Although the defendant has no violent predicate offenses, the Johnson court pointed out that a "lack of prior non-violent crimes has already been factored into *245 the minimum sentence under the Habitual Offender Law." State v. Johnson, 709 So.2d 672.
Further, La.R.S. 15:529.1 treats the defendant with multiple felony convictions "as a recidivist who is to be punished for the instant crime in light of his continuing disregard for the laws of our state. He is subjected to a longer sentence because he continues to break the law." State v. Johnson, 709 So.2d at 677.
In light of the defendant's criminal history, the defendant appears to be the typical recidivist offender for whom the Habitual Offender Law was designed; hence, the mandatory life sentence is not excessive.

ASSIGNMENT OF ERROR NUMBER TWO
Pursuant to our usual procedure[4] as well as the defendant's second assignment, we reviewed the record for patent errors. We note a patent error in that the transcript of the enhanced sentencing fails to show that the trial court vacated the original sentence prior to imposing the enhanced sentence. However, the minute entry/commitment states that the original sentence has been vacated.
In State v. Mayer, 99-3124 (La. 3/31/00), 760 So.2d 309, the Louisiana Supreme Court found that an enhanced sentence in such circumstances was valid:
To the extent that the ... commitment/minute entry reflects that the trial judge vacated the defendant's original sentence and thereby eliminated any possible confusion as to the terms of the defendant's confinement, the failure of the transcript to show that the court did so before sentencing the defendant as a multiple offender did not affect the substantial rights of the defendant.
This Court followed Mayer in State v. Davis, 01-123 (La.App. 5 Cir. 7/30/01), 792 So.2d 126, 130, and State v. Cushinello, 01-109 (La.App. 5 Cir. 7/30/01, 792 So.2d 926), writ denied, 01-2505 (La.9/20/02), 825 So.2d 1159.
Accordingly, this issue requires no action by this Court.
We note another patent error, in that the trial court failed to comply with La.C.Cr.P. art. 930.8 following the defendant's sentencing as a multiple offender. The court failed to advise the defendant that he has two years from the date the judgment becomes final within which to file for post-conviction relief.
Pursuant to our usual procedure, we shall remand the matter with directive to the trial court to provide proper notice to the defendant as required by law.

DECREE
For the foregoing reasons, the defendants conviction and sentence are affirmed. The matter is remanded and the trial court is ordered to provide written notice to the defendant of the provisions of La.C.Cr.P. art. 930.8 within ten days of the rendition of this decision, as well as to file into the record written proof that the defendant received such notice. See State v. Russell, 99-767 (La.App. 5 Cir. 11/30/99), 750 So.2d 1074, 1076.
AFFIRMED.
NOTES
[1] The defendant is also known as "Joseph Simmons" and "Julian Simmons."
[2] The defendant filed an application for post-conviction relief, seeking reinstatement of his appeal rights, which the trial judge granted. However, this application was superfluous, since defendant had already asserted his appeal rights at his original, as well as his enhanced sentencing.
[3] Defendant's prior conviction for simple burglary of an inhabited dwelling is punishable by imprisonment for not more than 12 years and the two cocaine distribution convictions are punishable by imprisonment for not more than 30 years. La.R.S. 14:62.2 and 40:967(A). The new amendment to the habitual offender statute makes a life sentence mandatory for a third felony offender when the last felony and the two prior offenses drug offenses are punishable by imprisonment for more than 10 years, and any other crime punishable by imprisonment for 12 years or more. La.R.S. 15:529.1(A)(1)(b)(ii). Prior to the amendment, other crimes had to be punishable by imprisonment for "more than twelve years."
[4] See La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).