860 So.2d 196 (2003)
STATE of Louisiana
v.
Roland BRIGHT.
No. 03-KA-489.
Court of Appeal of Louisiana, Fifth Circuit.
October 28, 2003.
*199 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Andrea F. Long, Gregory M. Kennedy, Thomas Block, Assistant District Attorneys, Gretna, LA, for Plaintiff-Appellee.
Margaret S. Sollars, Louisiana Appellate Project, Thibodaux, LA, for Defendant-Appellant.
Roland Bright, In Proper Person, Ferriday, LA, for Defendant-Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., MARION F. EDWARDS and SUSAN M. CHEHARDY.
EDWARD A. DUFRESNE, JR., Chief Judge.
By this appeal, defendant, Roland Bright, challenges his conviction of possession of cocaine as well as his adjudication and sentence as a second felony offender. For the reasons set forth herein, we affirm defendants conviction and sentence.
This case arises from an incident that occurred on January 4, 2000, in Jefferson Parish. On that evening, Sergeant Freddie Yorsch of the Jefferson Parish Sheriffs Office Street Crimes Unit conducted a traffic stop of a vehicle in which defendant was a passenger. Specifically, from his position at the foot of the Huey Long Bridge, he observed a blue Jeep Cherokee that did not have a brake tag. In addition, he noticed that the driver of the vehicle was not wearing a seat belt. As Sergeant Yorsch pulled the vehicle over, Sergeant Ed Manix of the Jefferson Parish Sheriffs Office, arrived to render assistance.
During the course of the stop, the officers asked the three occupants of the vehicle to exit. After defendant got out of the rear seat of the jeep, he fled. Sergeant Manix pursued the defendant on foot and grabbed him by his leather jacket. As defendant fled, he reached into his jacket, pulled out an amber prescription bottle, and threw it to the ground. At this point, Sergeant Manix was able to subdue and handcuff defendant. The prescription bottle was then retrieved and found to contain seventy off white colored rocks, which tested positive for cocaine. A pat-down search, conducted pursuant to defendants arrest, revealed that defendant was also in possession of $433 in cash.
As a result of this incident, the Jefferson Parish District Attorney filed a bill of information charging defendant with possession with intent to distribute cocaine, LSA-R.S. 40:967(A). The matter proceeded to trial before a twelve person jury which found defendant guilty of the responsive verdict of possession of cocaine, LSA-R.S. 40:967(C). The trial judge sentenced defendant to imprisonment at hard *200 labor for five years with credit for time served. The state thereafter filed a habitual offender bill, alleging that defendant was a second felony offender, LSA-R.S. 15:529.1. Following the denial of his motion to quash the multiple offender bill, defendant admitted to being a second felony offender. The trial judge accepted defendants admission, and then sentenced him to agreed upon sentence of seven and one-half years of imprisonment at hard labor without benefit of probation or suspension of sentence. Defendant now appeals. We will first address the issues raised in appellate counsels brief, and then the additional issues which were raised by defendant in his pro se brief.

DENIAL OF MOTION TO SUPPRESS
In his first assigned error, defendant challenges the trial courts denial of his motion to suppress evidence. Defendant contends that the seizure of evidence arose from an illegal stop and unlawful arrest, and therefore, the evidence should have been suppressed.
At the May 2, 2001 hearing on the motion to suppress, Sergeant Yorsch testified that he made a traffic stop of a blue Jeep Cherokee near the Huey P. Long Bridge on January 4, 2000. According to Officer Yorsch, he observed that the vehicle did not have a brake tag, and that the driver was not wearing a seat belt. As a result, the officer activated his lights and sirens, and stopped the car which contained three individuals. Sergeant Yorsch approached the driver side of the vehicle while Sergeant Manix, who had come to his assistance, approached the passenger side. Sergeant Yorsch asked the driver of the vehicle, Michael Morganstern, for his license, registration and insurance. He also asked the driver to exit the vehicle. As he did so, both officers observed that the vehicle had a broken steering column which suggested to them that the vehicle might be stolen.
Sergeant Manix asked the front seat passenger, Brad Mabile, to exit the vehicle and step towards the rear, which he did. The officer then turned his attention to defendant, the rear seat passenger, who was fidgeting and acting nervously. Before Sergeant Manix could properly position himself for defendants exit from the vehicle, defendant swiftly pushed open the door, bumping Sergeant Manix in the process. After defendant exited, he was ordered to place his hands on the vehicle, so a pat down search for weapons could be conducted. Defendant started to raise his hands, but then pushed off of the vehicle and ran away. Sergeant Manix gave chase and grabbed defendant by his jacket. As defendant fled, he reached into his jacket, pulled out an amber prescription bottle, and discarded it. At this point, the officer was able to subdue and handcuff defendant. The bottled was then retrieved and found to contain seventy rocks of crack cocaine. Currency in the amount of $433 was recovered from defendants front pants pocket in a search of the defendant after his arrest. Following the hearing on the motion to suppress the evidence, the trial judge denied the motion, finding the search was not unreasonable. Defendant now challenges the denial of this motion.
The Fourth Amendment of the United States Constitution and Article I, Section 5 of the Louisiana Constitution prohibit unreasonable searches and seizures. However, the right of law enforcement officers to stop and interrogate one reasonably suspected of criminal conduct is recognized by LSA-C.Cr.P. art. 215.1, as well as by both the federal and state jurisprudence. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Belton, 441 So.2d 1195 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 *201 L.Ed.2d 543 (1984); State v. Manson, 01-159 (La.App. 5 Cir.6/27/01), 791 So.2d 749, 755. Reasonable suspicion for an investigatory stop is something less than probable cause and must be determined under the facts of each case by whether the officer had sufficient knowledge of facts and circumstances to justify an infringement on the individuals right to be free from governmental interference. The right to make an investigatory stop and question the particular individual detained must be based upon reasonable suspicion to believe that he has been, is, or is about to be engaged in criminal conduct. State v. Hicks, 98-1231 (La.App. 5 Cir.3/30/99), 733 So.2d 652.
In the present case, defendant asserts that the officers actions, in removing him from the vehicle following the traffic stop, were unreasonable. Defendant basically challenges the credibility of the police officers testimony relating to the brake tag violation. He alleges that Officer Yorsch could not see the absence of an inspection sticker from where he was located and further his testimony on this subject is inconsistent. Additionally, defendant alleges that at the time of this incident, a seat belt infraction was a secondary infraction which could not support the legality of the stop. We find no merit to these arguments.
The evidence at both the suppression hearing and at trial revealed that Officer Yorsch stopped the vehicle because of brake tag and seat belt violations. It has been held that traffic violations constitute reasonable cause for a stop. State v. Curtis, 98-1283 (La.App. 5 Cir.6/1/99), 738 So.2d 657. Thus, Officer Yorsch clearly had reasonable cause to stop the vehicle.
Regarding the officers inconsistent testimony, the record indicates that at defendants first trial, which ended in a mistrial, Officer Yorsch testified that he stopped the subject vehicle because of an expired brake tag. Thereafter, at the motion to suppress hearing and the defendants second trial, Officer Yorsch testified that he stopped the vehicle because it did not have a brake tag. He was questioned about the discrepancy during his cross-examination at defendants second trial, and he explained that he was mistaken when he said the stop was for an expired brake tag.
At the hearing on the motion to suppress, the trial judge heard the officers testimony and apparently found it to be credible. The trial judge also heard the testimony from the officer that he saw the missing brake tag, which prompted the traffic stop, and apparently believed what he said in this regard. These are credibility determinations which will not be reweighed on appeal. State v. Calvert, 01-826, p. 7 (La.App. 5 Cir.2/26/02), 811 So.2d 1081, 1084.
Defendant also argues that, at the time of this traffic stop, failure to wear a seat belt was a secondary violation for which the officer would not have been justified in stopping the vehicle. Even assuming that defendant is correct in his supposition that the violation was secondary, that fact is of no consequence, since the absence of the inspection sticker alone would have provided reasonable cause for the traffic stop.
After the officers effected the stop, they were thereafter justified in ordering the occupants out of the car. Recently, in Knowles v. Iowa, 525 U.S. 113, 117, 119 S.Ct. 484, 488, 142 L.Ed.2d 492 (1998), the United States Supreme Court reaffirmed its position first espoused in Pennsylvania v. Mimms, 434 U.S. 106, 110-111, 98 S.Ct. 330, 333, 54 L.Ed.2d 331 (1977), that officer safety concerns during routine traffic stops justify the minimal additional intrusion of ordering a driver and passenger out of the vehicle. The courts of this state *202 have also affirmed this practice in order to protect both the officer and the vehicles occupants during a traffic stop. State v. Benoit, 01-2712 (La.5/14/02), 817 So.2d 11, 15.
After exiting the vehicle, defendant fled. Before the officer subdued defendant, he discarded a bottle containing seventy rocks of crack cocaine. If a citizen abandons or otherwise disposes of property prior to any unlawful intrusion into the citizens right to be free from governmental interference, then such property may be lawfully seized and used against the citizen in a resulting prosecution. State v. Butler, 01-0907 (La.App. 5 Cir.2/13/02), 812 So.2d 120, 127; State v. Snavely, 99-1223 (La. App. 5 Cir.4/12/00), 759 So.2d 950, writ denied, XXXX-XXXX (La.2/26/01), 785 So.2d 840. Having found no unlawful intrusion on the part of the police officers prior to the abandonment of the cocaine, we find that the evidence was lawfully seized. Additionally, defendants arrest justified the search of his person, during which time $433 was recovered from his pants pocket. The seizure of these funds was lawful as a search incident to a lawful arrest. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).
Based on the foregoing discussion, we conclude that the trial judge did not err in denying defendants motion to suppress evidence. This assigned error is without merit.

INCOMPLETE APPELLATE RECORD
On appeal, defendant contends that he should be granted a new trial because a full record is not available for appellate review.
In Louisiana, a defendant is constitutionally guaranteed the right of judicial review. The Louisiana State Constitution provides that no person shall be subjected to imprisonment ... without the right of judicial review based upon a complete record of all evidence upon which the judgment is based. La. Const. art. I, 19. In addition, LSA-C.Cr.P. art. 843 requires that all of the proceedings in a felony case be recorded.
Material omissions from the transcript of the proceedings at trial bearing on the merits of an appeal will require reversal. On the other hand, inconsequential omissions or slight inaccuracies do not require reversal. An incomplete record may nonetheless be adequate for appellate review. Finally, a defendant is not entitled to relief in this situation absent a showing of prejudice based on the missing portions of the transcript. State v. Frank, 99-553 (La.1/17/01), 803 So.2d 1, 19-20; State v. Parent, 02-835 (La.App. 5 Cir. 12/30/02), 836 So.2d 494, 502.
Prior to briefing this matter, defendant filed a motion with this court seeking to supplement the record and suspend briefing dates. In the motion, defendant noted that, during the district court proceedings, in particular on the first day of trial, counsel sought a continuance which was denied. Also, on the second day of trial, he made an objection to a jury charge concerning flight. Defendant alleged that these objections and the pertinent arguments were not available for review. He also alleged that after closing arguments, there is nothing in the record about the jurys deliberations or decision. This court ordered the production of the requested documentation. A response filed in the record by the court reporter indicated he could not complete the requested transcripts, because the paper notes, the tapes, a tape recorder and other related court equipment has disappeared from Division E, and could not be found.
On appeal, defendant alleges that, without a transcript of counsels objections *203 and the circumstances surrounding them, as well as the polling and verdict of the jury, his conviction should be reversed and a new trial ordered because this court cannot reach a just decision. We find no merit to this argument.
With regard to the polling and verdict of the jury, the record contains the jury verdict signed by the foreperson. In addition, the written polling of the jury is contained in the record in the exhibit folder. Therefore, defendant cannot demonstrate any prejudice form the failure of the record to include the transcript of the polling and verdict of the jury.
Concerning the continuance, the record indicates that defendant sought to continue the trial in order to secure the testimony of a defense witness, Brad Mabile. The record reveals that Mr. Mabile was present and testified on the second day of trial. In addition, the motion itself, setting forth the grounds for the continuance, is contained in the record and could have been raised as a substantive error notwithstanding the absence of a transcript of the matter. However, defendant did not designate the denial of the motion to continue as a designated error on appeal. For these reasons, defendant cannot demonstrate prejudice resulting from the failure of the record to contain a transcript of his argument concerning the continuance.
We also find no merit to defendants argument concerning his objection to the jury charge on flight. Missing jury charges and counsel arguments are not evidentiary and have previously not been found to warrant reversal of a defendants conviction. State v. Hawkins, 688 So.2d at 480; State v. Simpson, 01-1850 (La.App. 4 Cir.10/16/02), 829 So.2d 650, 660; State v. Parent, supra.
Based on the foregoing discussion, we find that defendant has failed to demonstrate the materiality of the missing items or to show how he is prejudiced by the missing portions of the record. Accordingly, the arguments raised by defendant in this assigned error are without merit.

DENIAL OF MOTION TO QUASH MULTIPLE OFFENDER BILL
On appeal, defendant asserts that the trial judge erred in denying his motion to quash the habitual offender bill of information.
In the present case, the state filed a multiple offender bill alleging that defendant was a second felony offender based on a 1995 guilty plea to possession with intent to distribute cocaine. Defendant denied the allegations of the habitual offender bill and filed a motion to quash bill. In the memorandum filed with the trial court, defendant did not contend that his plea was deficient relative to the Boykin rights or that he was not the same person convicted of the prior offense. His argument in the motion to quash was that his predicate conviction was defective because the plea to the offense constituted double jeopardy relative to his guilty plea to another offense on that date. At the hearing on the motion to quash, no evidence or argument was presented by either the state or defendant. Defendant merely submitted the matter on his motion and supporting memorandum. The trial judge denied defendants motion to quash. After being advised of his rights, defendant thereafter admitted to the allegations of the multiple bill, in exchange for a stipulated sentence. In addition, he reserved his right to appeal the denial of the motion to quash.
In challenging the denial of the motion to quash on appeal, defendant asserts that *204 the underlying guilty plea resulted from a defective Boykin. In the trial court, defendant claimed that the underlying plea was defective because it violated double jeopardy provisions. He did not claim that the prior plea resulted from a defective Boykin. Since defendant failed to raise the issue of a defective Boykin in the trial court, he cannot now raise the issue for the first time on appeal. LSA-R.S. 15:529.1(D)(1)(b). State v. Randolph, 98-965 (La.App. 5 Cir.2/23/99), 731 So.2d 365. We further note that in the motion to quash, defendant admitted that he was advised of his Boykin rights in the predicate plea.
On appeal, defendant also complains that his due process rights were violated when the state alleged that he was a second felony offender and was allowed to secure that adjudication in the absence of any proof. This argument ignores the fact that, by entering a plea to the multiple bill, he specifically admitted to the prior conviction and to being the same person involved in the prior conviction. He also admitted that the prior guilty was constitutionally sound, because he conceded that he was advised of the three core Boykin rights.
Defendant also argues that his due process rights were violated because the trial judge denied the motion to quash without making the state put on any evidence. We likewise find no merit to this argument. In multiple bill proceedings, the presumption of regularity of judgment shall be sufficient to meet the states original burden of proof beyond a reasonable doubt on any issue of fact. Thereafter, the person who claims that a conviction was obtained in violation of the state or federal constitution must set forth his claim, and the factual basis therefore, with particularity in his response, and shall have the burden of proof, by a preponderance of the evidence, on any issue of fact raised by the response. LSA-R.S. 15:529.1(D)(1)(b).
In the present case, defendant recognized in his motion to quash that the Boykin was not defective and further noted that he had already served the full term of his sentence relative to the predicate conviction. Thus, he basically acknowledged the finality of the judgment relative to the prior plea and that the state met its initial burden of proof. Thereafter, the burden was on defendant to prove the allegations in the motion to quash. We find that he failed to satisfy that burden. In defendants collateral attack on his prior guilty plea, he made no claim that the same evidence of possession of cocaine was used to support the drug charge and the firearm charge. Moreover, he presented no particularized factual basis for his claim of double jeopardy, as required by LSA-R.S. 15:529.1(D)(1)(b), nor did he make a facial demonstration, by presentation of the prior record, that would support a claim that he was prosecuted twice for the same offense or that he was receiving multiple punishments for the same offense. As defendant did not satisfy his burden of proof, we find that the trial judge did not err in denying the motion to quash the multiple offender bill of information.
Defendant also complain because the trial judge did not give written reasons for her finding that defendant was a second felony offender nor did she give reasons for the sentence imposed. In the present case, defendant stipulated to his status as a second felony offender and also agreed to the sentence imposed. Therefore, the trial judges failure to issue reasons is of no consequence.
Based on the foregoing discussion, we find that the arguments raised by defendant in this assigned error are without merit.

*205 SENTENCING ERROR

In this assignment, defendant argues that the multiple offender sentence was improperly imposed because the trial judge did not first vacate the original sentence.
In the present case, the minute entry indicates the trial judge vacated the original sentence before imposing the multiple offender sentence. The transcript, however, evidences no such action by the trial judge prior to sentencing the defendant as a second felony offender.
Generally, where the transcript and the minute entry conflict, the transcript prevails. State v. Lynch, 441 So.2d 732 (La.1983). However, in, State v. Mayer, 99-3124 (La.3/31/00), 760 So.2d 309, reh'g denied, 99-3124 (La.5/12/00), 761 So.2d 557, the Louisiana Supreme Court found that an enhanced sentence in such circumstances was valid:
To the extent that the ... commitment/minute entry reflects that the trial judge vacated the defendant's original sentence and thereby eliminated any possible confusion as to the terms of the defendant's confinement, the failure of the transcript to show that the court did so before sentencing the defendant as a multiple offender did not affect the substantial rights of the defendant.
This Court has followed Mayer in State v. Triche, 03-149 (La.App. 5 Cir.5/29/03), 848 So.2d 80, State v. Simmons, 02-960 (La.App. 5 Cir.1/28/03), 839 So.2d 239, and State v. Davis, 01-123 (La.App. 5 Cir. 7/30/01), 792 So.2d 126.
Accordingly, this issue requires no action by this court.

SUFFICIENCY OF THE EVIDENCE
On appeal, defendant, in his pro se brief, challenges the sufficiency of the evidence used to convict him of possession of cocaine.
In determining sufficiency of the evidence, this court must decide whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the state proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); State v. Sylvia, 01-1406 (La.4/9/03), 845 So.2d 358, 361.
In the present case, defendant was found guilty of possession of cocaine. LSA-R.S. 40:967(C). To support a conviction for this offense, the state must prove beyond a reasonable doubt that the defendant was in possession of the cocaine and that he knowingly or intentionally possessed the cocaine. The element of possession may be established by showing that the defendant exercised either actual or constructive possession of the substance. State v. Williams, 01-644 (La. App. 5 Cir.11/27/01), 802 So.2d 909, 912-913. Actual possession means having an object in ones possession or on ones person in such a way as to have direct physical contact with and control of the object. State v. Parfait, 02-348 (La.App. 5 Cir. 10/16/02), 831 So.2d 360, 368. The fact finder may draw reasonable inferences based upon the evidence presented at trial to support contentions of knowledge and intent. State v. Gentras, 98-1095 (La.App. 5 Cir.3/30/99), 733 So.2d 113, 117, writ denied, 99-1302 (La.10/15/99), 748 So.2d 464.
At trial, Officer Manix testified that after defendant exited the vehicle, he fled. As defendant ran, the officer saw defendant reach into his jacket, retrieve an amber prescription bottle, and throw it down. The bottle contained seventy off white colored *206 rocks which tested positive for cocaine.
To challenge this evidence, the defense presented the testimony of the driver of the vehicle, Michael Morganstern, and the front seat passenger, Brad Mabile. Mabile testified that it was Morganstern who discarded a bottle from the vehicle. Morganstern invoked the Fifth Amendment when asked at trial whether he threw anything from the Jeep that night. During cross-examination, Mabile admitted that he never informed the police or the District Attorney of this alleged fact. He also admitted being arrested and convicted for possession of cocaine as a result of his actions which occurred the same night. Additionally, Morganstern admitted that he lied to police on the night of the stop and that he also was a convicted felon.
The jury was faced with this conflicting testimony, and obviously chose to believe the testimony of the police officers over that of the defense witnesses. Where there is conflicting testimony about factual matters, the resolution of which depends on a determination of credibility of the witnesses, this is a matter of the weight of the evidence, not its sufficiency. It is not the function of the appellate court to access the credibility of witnesses or reweigh the evidence. State v. Kinsel, 00-1610 (La.App. 5 Cir.3/28/01), 783 So.2d 532, 537, writ denied, 01-1230 (La.3/28/02), 812 So.2d 641.
The defendant argues on appeal that Sergeants Manix and Yorsch gave perjured and inconsistent testimony, in particular with regard to the presence of other officers at the scene and the broken steering column. With regard to the steering column, both Sergeants Manix and Yorsch testified that they saw the broken steering column. Additionally, Sergeant Yorsch, who wrote the report, testified that it had been his intention to eventually report this item, but as the events unfolded at the scene the night of this incident, his paramount concern was to secure officer safety. With regard to the presence of other officers at the scene, there was conflicting testimony. Defense witnesses said that there were several other officers at the scene, while the police officers' testimony indicated that they were the only two there. Defendant also points to the dispatch sheet which allegedly shows that there was another narcotics agent at the scene that night. As noted previously, it is not the function of this court to determine the credibility of the witnesses. The jury heard all this testimony and apparently believed the officers. Moreover, we note that any testimony concerning the steering column or the presence of other officers at the scene is not relevant to the issue of whether defendant possessed the cocaine.
Viewing the record as a whole, a rational trier of fact could have found that the state proved beyond a reasonable doubt that the defendant knowingly and intentionally possessed cocaine in violation of LSA-R.S. 40:967(C). This assigned error is without merit.

INEFFECTIVE ASSISTANCE OF COUNSEL
On appeal, defendant also alleges ineffective assistance of counsel. Defendant contends that his retained counsel was ineffective in failing to properly represent him and in failing to introduce certain key evidence which could have been used to impeach the credibility of the arresting officers.
Generally, the issue of ineffective assistance of counsel is a matter more properly addressed in an application for post-conviction relief filed in the trial court where a full evidentiary hearing can be conducted. Where the issue is raised on *207 appeal and the record discloses sufficient evidence to rule on the merits, the reviewing court may address its merits in the interest of judicial economy. State v. Revader, 98-1268 (La.App. 5 Cir.5/19/99), 735 So.2d 875, 878.
In the present case, defendant makes several specific allegations of ineffectiveness, all of which relate to trial strategy. Where the issue of ineffectiveness is linked to counsels choices for trial strategy, an evaluation of the claim can best be made after an evidentiary hearing. State v. Revader, 735 So.2d at 878. Based on the record before us, we find that defendants allegations of ineffectiveness would be better addressed by an application for post conviction relief where an evidentiary hearing can be conducted.

ERROR PATENT DISCUSSION
We have also reviewed the record for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975). Our review reveals no errors which require corrective action.
For the reasons set forth herein, we hereby affirm defendants conviction and sentence.
AFFIRMED.