CLARENCE E. McMANUS, Judge.
 

 |
 
 STATEMENT of the case
 

 On March 26, 2009, the Jefferson Parish District Attorney filed a bill of information charging defendant, Lionel Burton, with possession of a firearm by a convicted felon and possession of cocaine in excess of 28 grams but under 200 grams in violation of LSA-R.S. 14:95.1 and R.S. 40:967 F, respectively. Defendant was arraigned on April 13, 2009, and pled not guilty. On June 5, 2009, the State amended the bill as to Count 2 to charge defendant with possession with intent to distribute heroin in violation of LSA-R.S. 40:966 A. On that same date, defendant was re-arraigned on the amended bill and pled not guilty.
 

 Defendant filed a motion to suppress the evidence and statements on June 3, 2009. On December 2, 2009, defendant filed a motion to suppress the evidence, identifica
 
 *381
 
 tion, and confession. On January 15, 2010, the trial judge denied the motions after a hearing. On May 6, 2010, the State amended the bill as to Count 1 to delete one of the predicate convictions (case number 386-937). Also on that date, defendant pled guilty to Count 1, and withdrew his not guilty plea and pled guilty to Count 2 under
 
 State v. Crosby,
 
 338 So.2d 584 (La.1976). During the guilty plea colloquy, the prosecutor provided a factual basis for acceptance of the pleas. He stated that on February 24, 2009, a Jefferson Parish deputy heard a |sbroadcast involving an armed robbery, which caused him to stop the vehicle defendant was driving because it was of a similar character as the vehicle that was described as used in the robbery. The prosecutor explained that when the deputy stopped the vehicle and had defendant stand outside by the police car, the deputy looked inside defendant’s car and, without entering the car, saw a weapon — a .40 caliber Glock loaded with numerous live rounds in the clip. When the officer went back to the defendant and moved him, there were two large packets of heroin where defendant had been standing. The prosecutor stated that the crime lab had found the substance positive for heroin and that the heroin weighed approximately 40 grams. Lastly, the prosecutor stated that defendant had approximately $12,000.00 on him at the time of his arrest.
 

 On May 6, 2010, the trial judge sentenced defendant to imprisonment at hard labor for 15 years on Count 1 and to imprisonment at hard labor for 20 years on Count 2 to run concurrently. Both sentences were ordered to be served without benefit of parole, probation, or suspension of sentence.
 

 Also on May 6, 2010, the State filed a multiple bill alleging defendant to be a second felony offender to which defendant stipulated. The trial judge vacated the sentence on Count 1 and re-sentenced defendant under the multiple bill statute to imprisonment at hard labor for 20 years without benefit of parole, probation, or suspension of sentence to be served concurrently with the sentence on Count 2. On May 19, 2010, defendant filed a timely motion to reconsider sentence that was denied and a timely motion for appeal that was granted.
 

 ASSIGNMENT OF ERROR NUMBER ONE
 

 In his assignment of error number one, defendant argues that he was denied his right to appeal the ruling on the motion to suppress because the transcript of those proceedings cannot be obtained. He requests that this Court remand the | ¿matter for a new suppression hearing. He also argues that the guilty pleas should be vacated and set aside since those guilty pleas were predicated on his ability to appeal the ruling on the motion to suppress. The State responds that appellate review of the ruling on the motion to suppress is not possible because testimony at the suppression hearing was erroneously not recorded. As such, the State contends that defendant is entitled to have his motion to suppress re-heard, ruled upon and, if denied, proceed to his
 
 Crosby
 
 appeal in this Court on the properly recorded and transcribed testimony. The State further contends that defendant is not entitled to have his guilty pleas withdrawn because the defect can be cured and, therefore, defendant cannot show the requisite prejudice to entitle him to have his convictions vacated.
 

 La. Const. Art. I, § 19 provides that “[n]o person shall be subjected to imprisonment ... without the right of judicial review based upon a complete record of all evidence upon which the judgment is based....” LSA-C.Cr.P. art. 843 re
 
 *382
 
 quires, in all felony cases, the recording of “all of the proceedings, including the examination of prospective jurors, the testimony of witnesses, statements, rulings, orders, and charges by the court, and objections, questions, statements, and arguments of counsel.” Additionally, LSA-R.S. 13:961 C provides that, in criminal cases tried in the judicial districts, the court reporter shall record all portions of the proceedings required by law and shall transcribe those portions of the proceedings required.
 

 Material omissions from the transcript of the proceedings at trial bearing on the merits of an appeal will require reversal.
 
 State v. Frank,
 
 99-553, p. 20 (La.1/17/01), 803 So.2d 1, 19;
 
 State v. Bright,
 
 03-489, p. 8 (La.App. 5 Cir. 10/28/03), 860 So.2d 196, 202,
 
 writ denied,
 
 03-3409 (La.4/2/04), 869 So.2d 875. On the other hand, inconsequential omissions or slight inaccuracies do not require reversal.
 
 State v. Frank,
 
 99-553 at 21, 803 So.2d at 20;
 
 State v. Bright, supra.
 
 A defendant is not entitled to relief because of an incomplete record absent a showing of prejudice based on the missing portions of the transcripts.
 
 State v. Castleberry,
 
 98-1388, p. 29 (La.4/13/99), 758 So.2d 749, 773,
 
 cert. denied,
 
 528 U.S. 893, 120 S.Ct. 220, 145 L.Ed.2d 185 (1999);
 
 State v. Bright, supra.
 

 In
 
 State v. Archie,
 
 462 So.2d 248, 249 (La.App. 4 Cir.1984), cited by the State in its brief, defendant was convicted and sentenced. On appeal, he contended the trial court erred in denying his motion to suppress. Defendant also contended that he was entitled to have his conviction and sentence vacated because a portion of the transcript of the hearing on the motion to suppress was lost and, therefore, he was deprived of a meaningful review on appeal. The Fourth Circuit found that the circumstances did not warrant vacating the conviction and sentence at that point. It stated that all that was required was for the trial judge to conduct another hearing on the motion to suppress and again act on the motion. The appellate court further stated that should the trial judge decide to grant the motion, she would be required to vacate the sentence. On the other hand, should the trial judge deny the motion, the Fourth Circuit found that the case should be returned to the appellate court for complete review.
 

 In the instant case, the record does not contain a transcript of the hearing on the motion to suppress. In fact, the record contains a memo from John Andressen, Chief of Court Reporters for Jefferson Parish, to this Court dated October 19, 2010, explaining that the 24th Judicial District Court had experienced a “loss of connectivity” with the audio server on January 15, 2010 (the date of the hearing), and they were unable to retrieve the audio files. As such, Mr. Andressen stated that a transcript from that date would not be able to be produced. He added that a | (¡backup recording system had been installed to ensure that such a problem would not occur again.
 

 We find that without the transcript of the suppression hearing, we cannot determine whether the trial judge erroneously denied the motion to suppress. As such, we remand the matter to the trial court so the trial judge can conduct another hearing on the motion to suppress, as was done in
 
 State v. Archie, supra.
 
 If the trial judge denies the motion again, defendant can appeal the ruling to this Court with a transcript of the proceedings.
 

 ASSIGNMENT OF ERROR NUMBER TWO
 

 In his assignment of error number two, defendant argues that he pled guilty under
 
 State v. Crosby, supra,
 
 so he could appeal the trial judge’s denial of his motion
 
 *383
 
 to suppress; however, because he is unable to appeal the ruling on the motion due to the lack of a transcript, he contends that he is entitled to withdraw his guilty pleas. The State responds that defendant is not entitled to withdraw his guilty pleas because he is not prejudiced since this Court can remand the matter to the trial court for a new suppression hearing, and defendant can thereafter appeal again if necessary.
 

 Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief.
 
 State v. McCoil,
 
 05-658, p. 7 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the
 
 Boy-kin
 
 colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept.
 
 McCoil, supra.
 

 In the instant case, a review of the
 
 Boykin
 
 colloquy indicates that defendant entered his guilty pleas freely and voluntarily, and that the
 
 Boykin
 
 colloquy was 17adequate. Although defendant pled guilty under
 
 State v. Crosby
 
 in order to appeal the adverse ruling on the motion to suppress, defendant will still be able to appeal the ruling if the trial judge again denies the motion to suppress on remand. In light of the foregoing, we find that defendant is not entitled to withdraw his guilty pleas.
 

 ERROR PATENT DISCUSSION
 

 The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975); and
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals the following errors patent.
 

 First, the trial judge did not impose the mandatory fine when he originally sentenced defendant on Count 1 as required by LSA-R.S. 14:95.1. However, the trial judge vacated the original sentence on Count 1 before imposing the enhanced sentence and, therefore, we find that the argument related to the original sentence for this offense is moot.
 
 State v. Hanson,
 
 00-1168, p. 4 (La.App. 5 Cir. 12/13/00), 778 So.2d 43, 45.
 

 Second, the trial judge ordered the sentence on Count 2 to be served without benefit of parole, probation, or suspension of sentence; however, LSA-R.S. 40:966 B(l) does not restrict parole. Therefore, we amend defendant’s sentence on Count 2 to delete the denial of parole eligibility.
 
 State v. Watts,
 
 98-2594 (La.1/29/99), 736 So.2d 821 (per curiam);
 
 State v. Uloho,
 
 04-55, p. 25 (La.App. 5 Cir. 5/26/04), 875 So.2d 918, 934,
 
 writs denied,
 
 04-1640 (La.11/19/04), 888 So.2d 192, and 08-2370 (La.1/30/09), 999 So.2d 753.
 

 Accordingly, we remand this matter to the trial court and order that another hearing be held on defendant’s motion to suppress. We further amend defendant’s sentence on Count 2 to delete the denial of parole eligibility.
 

 REMANDED WITH INSTRUCTIONS; SENTENCE AMENDED